THE STATE OF MISSOURI *ex rel.* W. H. CLARK *et al.*, Relators, v. HENRY SOUDERS *et al.*, Justices Crawford County, Respondents.

St. Louis Court of Appeals, February 23, 1897.

1. **Certiorari, Writ of**: MISDIRECTION OF WRIT. A petition for a writ of *certiorari*, for the production of a record, directed to an ex-official who has parted with the record, is misdirected.

2. ———: PETITION FOR PRODUCTION OF RECORD OF COURT: RETURNS: JURISDICTION. On petition for a writ of *certiorari* directed to a court of record composed of several judges, for the production of a record of their proceedings in a matter, to possess this court of the record, it is necessary that the returns should be made by at least a quorum of the court as constituted at the time of the application for the writ.

*Petition for Writ of Certiorari.*

WRIT QUASHED, AND PROCEEDING DISMISSED.

BOND, J.—Certain taxpaying citizens of Steelville, Crawford county, petition for a writ of *certiorari* directed to the justices of the county court of said county, requiring them to certify the full proceedings of record in that court, touching the issuance of a license as dramshop keeper to one William Sorrell. The plain-

tiffs state that said court acted without authority of
law in the premises, in that its records do not show
that said licensee is a law-abiding taxpaying male cit-
izen, nor that the parties signing his application were
such, nor that the bond required by law was given and
approved by said court.   The writ issued as prayed.

The return of two of the parties named as defend-
ants sets up that their terms of office as members of said
county expired on January 1, 1897, at which time their
successors were duly qualified, hence they have no
power or authority to certify the record of
said court.   The return of the remaining
justice is accompanied by a transcript of the
proceedings in question.   An inspection of these does
not disclose that the bond required of applicants for
dramshop licenses was given and approved, nor do the
proceedings themselves appear to have been approved
by the county court.   The defendants filed a written
motion to quash the writ against them for misdirection,
in that the judges of the county court of Crawford
county at the time of its issuance were not made par-
ties.   Under our statutes this court is one of record
and composed of three judges, a majority of whom
must concur in the transaction of any official business.
The court is also required to keep just and faithful
records of its proceedings.   R. S. 1889, secs. 3225–3416–
3441.   In this state the practice in proceedings for *cer-
tiorari* is governed by the principles of the common
law.   These require the writ, when not used as ancil-
lary, to issue to the custodians of the record to be cer-
tified, that being the only subject for review.   *State ex
rel. v. Walbridge*, 62 Mo. App. 162; *Ward v. Board of
Equalization*, 36 S. W. Rep. (Mo.) 648.   It necessarily
results that the writ of *certiorari* can not be directed to
an ex-official after he has parted with the record sought
to be brought up.   *In re Evingson*, 43 N. W. Rep. 733;

*Writ of certio-
rari: misdirec-
tion of writ.*

*Kilpatrick v. Commissioners*, 42 N. J. Law Reports, 510. Hence no returns under the facts in this case can be required of the ex-members of the court. The legal control and custody of the records of the county court of Crawford county belong to the court as constituted at the time the writ in this case was applied for. The physical possession of such record by the clerk who was the mere agent of that court, did not impair the legal custody and control vested in the court itself. It has been the uniform practice in this state and elsewhere, as far as we are advised, when the judgment or order of a court or other body is attacked by *certiorari*, to direct a writ to the tribunal itself which makes the order and controls its record. *State ex rel. Reider v. Moniteau Co. Ct.*, 45 Mo. App. 387; *State v. Schneider*, 47 Mo. App. 669. The reason for this is that it is the record of the tribunal acting judicially which must be quashed or affirmed upon the return to a writ of *certiorari*. Hence the return must be made by the corporate body or entity exerting legal control over such record. This has been determined in an analogous case by the supreme court of Wisconsin. *State ex rel. v. Weinfurther*, 66 N. W. Rep. 702. In that case the board of county supervisors, by ordinance, undertook to attach the southern part of the town of Manitowoc to the town of Newton. Citizens of the attached territory sued out a writ of *certiorari* against the county clerk, who made a full return of the proceedings of the board. The court quashed the writ, saying: "Until the proper defendant is before the court, the court can have no jurisdiction of the subject-matter. This can only be acquired by a proper writ, and a return made by the proper officer or board. The writ in this case should have been directed to the board of supervisors, and the return should have been made by the super-

*PETITION for production of record of court: returns to writ: jurisdiction.*

visors themselves, or a majority of them." So in the case at bar the writ was properly issuable to the county court of Crawford county as then constituted. A court composed of several judges can only speak and act as such, through the medium of all or a majority of its members. Hence to possess this court with the record of the action of the county court, it was essential that the returns of at least a quorum of that body should have been made. The relators, however, only made one of the members of the court a party defendant (the mention of the ex-members being merely nugatory). Conceding therefore the total insufficiency of the transcript as presented by the return of the single member of the county court to show authority of record for the issuance of the dramshop license, we are precluded from so holding by the fact that the court in charge of such record has neither been made a party to this proceeding, nor has a majority of its members appeared. The result is that the writ hereinbefore issued will be quashed and the proceeding dismissed. It is so ordered. All concur.