WILLIAM M. GOSSETT, Respondent, v. GEORGE B. DEVORSS, Appellant.

Kansas City Court of Appeals, April 6, 1903.

1. **Forcible Entry and Detainer: CERTIORARI: BOND: APPROVAL.** Where a clerk in fact approved a bond for certiorari to a justice of the peace in a forcible entry and detainer action, but fails to indorse his approval thereon, he may subsequently by permission of the court indorse such approval as of the proper date.

2. ———: ———: **SERVICE OF SUMMONS: JURISDICTION.** A statement in unlawful detainer was filed on March 29 with the justice. The summons was served April 1, and the same day the clerk issued the certiorari which was served on the justice that day. The justice certifies that he returned the papers after the service of summons. *Held*, the jurisdiction of the justice affirmatively appears, and that of the circuit court is strongly presumed.

Vol 98 app—41.

3. ———: ———: SERVICE OF WRIT. In the absence of statutory provisions a writ of certiorari may be served by any person or in any manner by means of which the party to whom it is directed may receive its command; and a service by a private individual shown by his affidavit is held sufficient.

4. ———: STATEMENT: ELECTION: JUSTICES' COURTS. A complaint in forcible entry and detainer is considered and held to set up two states of facts not necessarily inconsistent, and the action of the trial court in refusing to require plaintiff to elect is approved, since strictness of pleadings in justices' courts is not required.

Appeal from Holt Circuit Court.—*Hon. Gallatin Craig*, Judge.

AFFIRMED.

*T. C. Dungan* for appellant.

(1) The circuit court had no jurisdiction to hear, try and determine said cause. The writ of certiorari was illegally and improvidently issued and was void. Stover v. Doyle, 39 S. E. 939; Hamilton v. Ins. Co., 107 Ga. 728, 33 S. E. 705; Wingart v. Railroad, 109 Ga. 177, 34 S. E. 275; Secs. 3358-59-63, R. S. 1899. (2) The writ of certiorari was not properly served upon the justice. Writs of certiorari, like other writs, must be delivered to and served by the proper officer of the court, unless disqualified. Tidd's Forms, 479, 503; Kelly on Sci. Fa., 276; Sec. 1599, R. S. 1899; Sec. 3863, R. S. 1899; McFarland v. Tunnel, 51 Mo. 334; State v. Hultz, 106 Mo. 41; Mitchell v. Shaw, 53 Mo. App. 652; Mangold v. Dooley, 89 Mo. 111; Fletcher v. Wear, 81 Mo. 524; Huff v. Alsup, 64 Mo. 51; Andrews v. Buckbee, 77 Mo. 428. (3) It was error in the court to permit the clerk to approve said bond as of date, April 1, 1901, and to indorse his approval thereon of that date and sign the same; and such approval and indorsement did not make valid such bond or writ. The only power the court had under the circumstances was to allow or order a new bond filed. Secs. 3585, 3586, R. S. 1899. (4)

Actions of forcible entry and detainer are not governed by the law for ordinary actions before justices of the peace, but is a scheme and procedure within itself—and amendments and practice must be governed by the provisions of the act itself. Keary v. Baker, 333 Mo. 612; Harrington v. Evans, 49 Mo. App. 376; Johnson v. Fisher, 56 Mo. App. 556; Dean v. Trax, 67 Mo. App. 520. (5) The court erred in permitting Frank Petree, a private person, to make return under oath of service of writ of certiorari upon justice Rostock and in refusing to strike out such return on motion of defendant. The writ of certiorari must be issued and served on the justice after the service of the summons of the justice and before the day set for trial by such justice. See citations under Point 2. Kincaid & Forbes v. Mitchell, 6 Mo. 223. (6) The complaint in its two counts, sets out two separate and independent causes of action, which are inconsistent and required different evidence to sustain them. The court erred in not sustaining defendant's motion to compel plaintiff to elect. Roberts v. Railway, 43 Mo. App. 287; Soap Works v. Sayer, 51 Mo. App. 316.

*Petree Bros.* and *S. F. O'Fallon* for respondent.

(1) "Those who charge error must show it, for we will not assume its existence." Robinson v. Walker, 45 Mo. 120. The record, as shown by appellant's abstract, fails to sustain appellant's contention that the affidavit and bond were filed with the clerk of the circuit court before the service and return of the summons before the justice. (2) If the judgment is for the right party the judgment will not be reversed on account of defect in affidavit or bond. Nelson v. Nelson, 30 Mo. App. 184. (3) The statute does not provide that the writ of certiorari shall be served by an officer. Sec. 3358, R. S. 1899; Sec. 3365, R. S. 1899; Rapalje & Law-

rence Law Dic., definition of "service;" 22 Am. and Eng. Ency. Law (1 Ed.), p. 106 and note 1; Sec. 10046, R. S. 1899. (4) If appellant ever had any right to object to the service of the writ on the justice, he has waived any defects in such service by appearing and pleading to the merits of the action, notwithstanding a motion to dismiss because of such defect was first made and overruled. Pry v. Railroad, 73 Mo. 123; Kronski v. Railroad, 77 Mo. 362. (5) The two counts are not inconsistent. The first charges a holding over by defendant after the expiration of the time for which they were demised to him and after demand for possession. The second charges that by illegal attornment and attempted ouster, defendant had terminated his lease and was holding wrongfully. Both might be true. Plaintiff will not be compelled to elect unless there is so clear an inconsistency between the different causes of action that the proof of one necessarily disproves the other. Pattison's Mo. Code Pleading, sec. 861; Saiter v. Bischoff, 63 Mo. App. 157; Sec. 728, R. S. 1899; Tobacco Co. v. Walker, 123 Mo. App. 669; State v. Taylor, 134 Mo. 136; Hurt v. King, 24 Mo. App. 593; State v. Ware, 69 Mo. 332; Jones v. Evans, 80 Mo. 566; (6) The second count states a good cause of action. Pierce v. Rollins, 60 Mo. App. 497; McCartney v. Auer, 50 Mo. 395; Crockett v. Althouse, 35 Mo. App. 404; Farrar v. Heinrich, 86 Mo. 521; Walser v. Graham, 45 Mo. App. 638; s. c., 60 Mo. App. 323.

ELLISON, J.—Plaintiff brought suit for unlawful detainer before a justice of the peace and removed same by certiorari to the circuit court for Holt county. The result in the trial court was in his favor. Defendant makes several complaints of a technical nature, some of which we do not deem to be justified by the facts as disclosed by the record. We will set out the facts as they appear here and pass upon the case from that standpoint.

The complaint was filed March 29, 1901, and summons was issued returnable April 12, following. The summons was served April 1. The record states that plaintiff presented a copy of the complaint to the circuit court clerk of Holt county "except the jurat thereto was not signed by the justice;" but the complaint as filed before the justice shows the jurat was signed by the justice. Plaintiff filed his affidavit and bond for writ of certiorari with the justice on April 1. The clerk failed to indorse his approval of the bond on the back thereof. But a blank indorsement was on the back in the following words: "Approved this  .  .  .  day of April, 1901.

"Circuit Clerk."

And on said first day of April, the clerk issued the writ. The justice obeyed the writ and endorsed his return thereon on April 4th. The writ was served on the justice by a private person who made affidavit thereto.

Defendant's objections are so worded that we can not say definitely just what is intended as matter of complaint. They are as follows:

"That no copy of the complaint (the justice's name not being attached to the jurat) nor an affidavit of complainant and no bond sufficient in amount and security approved by the clerk, with such approval indorsed thereon was filed with such clerk before said writ of certiorari was issued. That the pretended affidavit and bond filed were executed on the 30th day of March, 1901, and were filed with said clerk on the 1st day of April, and before the service and return of the summons before the justice."

We have already disposed of the objection as to copy of complaint. We do not know whether it is meant that no affidavit at all was filed, or that one was filed, but not before the clerk issued the writ. As to the bond, we do not know whether it was meant to say

that it was insufficient in amount and in security; or whether it was not approved by the clerk; or whether, if approved, his approval was indorsed on the bond; or whether, if approved, his approval was not indorsed on the bond; or whether these matters were all proper and the objection was merely that the affidavit and bond were not filed before the clerk issued the writ. At any rate, taking the objections in either their narrowest or broadest sense, they are not, in reality, borne out by the record.

1. It appears that the clerk neglected to fill in the blank approval of bond and sign the same, though, as it afterwards appeared, he did approve it and was permitted by the trial court to formally indorse his approval as of the date approved, viz., April 1, 1901. We do not think the court committed error in allowing this to be done. 4 Ency. Plead. and Prac., 243; Watson v. State, 85 Ga. 237. We do not see why it could not have been allowed within the spirit of section 3385, Revised Statutes 1899.

2. The statute (sec. 3358, R. S. 1899) authorizes a clerk of the circuit court to issue a writ of certiorari at any time after service of summons issued by a justice of the peace and before trial. The foregoing statement of defendant, that the writ was issued before service of summons, is not borne out by the record as shown by the abstract in connection with plaintiff's additional abstract. Both acts occurred on the same day, but the justice certifies that he, in obedience to the writ issued by the clerk, returned the papers after the service of the summons. While it is not, in specific terms, stated that the clerk issued the writ after the summons issued by the justice was served, yet, we think, taking all entries together, it sufficiently appears that the clerk did not act until after service of summons. The jurisdiction of the case in the justice's court is affirmatively shown and it would require a presumption stronger than we

feel justified in applying to hold that the circuit court had none.

3. Objection was taken to the service of the writ. As before stated, it appears that it was served on the justice by a private party who made affidavit that he delivered it to the justice. The contention of defendant is that it should have been served by an officer. The objection is not well taken. The writ is not like a writ of summons which is directed to some officer whereby he is commanded to notify certain named parties. The writ is addressed to the persons composing the court or tribunal direct. It has not been the practice to have officers serve writs of error, which are continuously being issued from the appellate courts of this State. Nor is it necessary that such service should be had of writs of certiorari. It is sufficient if such writ be delivered to the party to whom directed. 2 Tidd's Prac., 1170. It is stated by Harris in his work on Certiorari, section 294, that in the absence of a statutory mode enacted for service of such writ, it may be served by any person, or in any manner by means of which the party to whom it is directed may receive its command. And so the same thing was decided in State v. Dwyer, 41 N. J. L. 93.

4. The complaint charges a willful holding over by defendant after the time the premises were let to him. It then proceeds to state that one Worley leased the premises to defendant and afterwards sold the land to plaintiff whereby he succeeded to Worley's right in the lease. That defendant prior to plaintiff's purchase had terminated his tenancy by renouncing and disputing Worley's title, though he still retained possession of the land, and without right or excuse accepted a lease from another party, and that after proper demand in writing for possession he willfully held over, etc. Defendant construes the complaint into a petition and contends that it is in two counts, and that such counts are inconsistent—that each negatives the other, and the court

should have required the plaintiff to elect. This was a proceeding before a justice of the peace where strict rules of pleading are not required. We construe the complaint as setting up two states of facts not necessarily inconsistent, and we approve of the court's refusal to require the plaintiff to specify which he would rely upon as making his case.

We have gone over the entire record and find that the evidence was sufficient to justify the verdict, and find nothing which would justify us in disturbing the judgment; and it is accordingly affirmed. All concur.