J. T. SWINNEY AND M. G. HARRISON, *Appellants* v. THE FLORIDA LAND AND MORTGAGE COMPANY, LIMITED, A CORPORATION, CHARLES TOWNSAND MURDOCK, LEONIDAS MOREAU LAWSON, JAN ANN LANGERHUISEN, ALEXANDER CRUM MACLAE, HENRY JOHN BROUGHTON KENDALL, CHARLES DUANE WILLARD, JAMES H. SCHUMACHER, W. A. COCHRAN, CHARLES H. COCHRAN, HELEN COCHRAN STRATON, COVEY'S FLORIDA PLANTATION COMPANY, INCORPORATED, W. M. BENT, ALFRED T. HOLLEYMAN, THOMAS H. BOLSHAW, O. H. PARKS, W. H. SIMMONS, CHARLES TAYLOR, STEPNEY AUSTIN, DAVID WHALTON, M. C. HARRIS, SALARIS & LUMDEY, HERETOFORE CO-PARTNERS, H. B. CLAFLIN COMPANY, A FLORIDA CORPORATION, T. C. PARKER, ABRAHAM VESTBURG, OLIVE W. BROWN AND C. G. BROWN, *Appellees.*

Division B.

Opinion Filed October 19, 1927.

Petition for Rehearing Denied November 21, 1927

654

*Farr & Etheridge,* Attorneys for Appellants;

*Thos. W. Butler* and *Cecil A. Rountree,* Attorneys for Appellees.

PER CURIAM.—This case is before the Court on motion to dismiss the appeal filed by counsel appearing specially for that purpose only. There are four grounds presented in the motion, as follows:

"1. Because no entry of appeal in this cause was ever entered in the Chancery Order Book by the Clerk of the Circuit Court for Charlotte County, Florida, as required by law.

2. Because the purported notice of appeal was not upon being filed in the said Clerk's office entered forthwith in the Chancery Order Book by him as required by law, but that such purported notice was filed in said Clerk's office on the 4th day of July, A. D. 1927, and was not until August 27th, 1927, entered by him in the Chancery Order Book.

3.  Because less than thirty days elapsed between the recordation of the purported notice of appeal in the Chancery Order Book by said Clerk, and the return day of this appeal.

4.  Because no sufficient notice of said appeal has ever been given to these appellees to give this Court jurisdiction of this cause or appellees."

In Garrison v. Parsons, 41 Fla. 143; 25 Sou. 336, it was held:

"The appellee can, if he chooses, waive the formal record of the entry of appeal and can submit himself to the jurisdiction of the Supreme Court by voluntary appearance, notwithstanding a failure to record the notice of appeal."

In Ray v. Trice, 48 Fla. 297, 37 Sou. 582, this Court says:

"Where an appellee appears generally in Supreme Court and moves to dismiss the appeal upon grounds other than those relating solely to the jurisdiction over his person, he can not be permitted to question the sufficiency of the record entry of appeal."

In this case although the appellees have appeared solely for the purpose of moving to dismiss this appeal, they have not confined their motion *solely* to the question of the jurisdiction of the court over *their persons,* but in ground No. 4 of their motion they have questioned the jurisdiction of the court as to the *cause* as well as to the persons of the appellees and have thereby placed themselves in the status of having entered a general appearance and brought themselves within the jurisdiction of the court. The motion to dismiss should be denied and it is so ordered.

Denied.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.