In the Matter of Application of HAROLD R. EDWARDS to Review an Order Made by the RAILROAD COMMISSION of the STATE OF FLORIDA, Denying the Said HAROLD R. EDWARDS' Petition Requesting a Certificate of Public Convenience and Necessity to Operate a Truck Line Between TAMPA and ORLANDO, FLA., and Serve Intermediate Points Between HAINES CITY, FLA., and ORLANDO, FLA., namely DAVENPORT, LOUGHMAN and KISSIMMEE.

Division A.

Opinion filed October 22, 1930.

990

*Parker & Parker,* for Petitioners.

BROWN, J.—This is a petition for writ of *certiorari* to review an order of the Railroad Commission denying petitioner a certificate of public convenience and necessity to operate a freight truck line from Tampa to Orlando and intermediate points between Haines City and Orlando. The petitioner alleges that he operated a freight truck line over this same route from Tampa to Orlando and intermediate points between Haines City and Orlando, including the towns of Davenport, Loughman, and Kissimmee prior to

and on the 19th day of April, A. D. 1929. The evident purpose of this allegation is to bring the petitioner within the proviso to Subsection 6 of Section 3 of Chap. 13700, which act became effective on July 1, 1929. This proviso reads: "Provided, that a certificate of public convenience and necessity shall upon hearing be granted as a matter of right to such auto transportation companies operating in good faith on the 19th of April, 1929, over the route for which such certificate shall be sought, who shall comply in full with the provisions of this act."

Petitioner's application for the certificate, attached as an exhibit, shows that six other auto transportation companies are already operating over the same route or a portion thereof.

The petition alleges that after the hearing the Railroad Commission made an order denying the certificate, a copy of which is attached to the petition as an exhibit. Said order and findings of the Commission, dated Sept. 4, 1930, read in part as follows:

"And now on this date the said Commissioners having considered the evidence taken at said hearing and being fully advised in the premises, do find as follows:

"(a) That said applicant obtained a certificate as a matter of right to operate over the route from Tampa to Haines City and subsequently sold all of his rights under said certificate to the Strickland Truck Line of Tampa, Fla., who is now operating over said route under said certificate.

"(b) That said applicant claims to have operated over the route from Haines City to Orlando prior to April 19, 1929, but yet had never applied for a certificate to operate from Haines City to Orlando until June, 1930.

"(c) That the evidence shows said applicant is not entitled as a matter of right to a certificate of public convenience and necessity; and if the said applicant was entitled to said certificate as a matter of right that he failed to exercise his right within a reasonable time . as required by the rules of the Railroad Commission.

"(d) That the granting of this application is not necessary and proper for the service, accommodation, convenience and safety of the public traveling over said roads, and is not reasonably required in the interest of public convenience and necessity.

"(e) That a proper use and preservation of the public roads of the State, and the safety and convenience of the traveling public who have primary rights in the preservation, safety and use of the highways maintained by taxation, demand the denial of said application.

"Wherefore, it is CONSIDERED, ORDERED and ADJUDGED by the Railroad Commissioners of the State of Florida that the application of Edwards Truck Line be and the same is hereby DENIED."

The petition further alleges that under the above quoted proviso to Subsection 6 of Section 3 of the statute, the petitioner was entitled to an issuance of a certificate as a matter of right and that the action of the Railroad Commission was without authority of law, and was not supported by, but was contrary to the evidence in the cause. There is no allegation of a total lack of evidence.

The evidence is not set out, nor any statement of the substance thereof, on the points averred in the petition or those mentioned in the findings of the Commission which have a bearing thereon. Without going into the question as to how far or in what respect the findings of the Rail-

road Commission on questions of fact upon which evidence has been produced are reviewable by this Court on petition for writ of *certiorari*, the general rule is that such a petition should state the facts and evidence in the case with sufficient fullness and certainty to inform the court what the case really was. Of course, in many cases it is neither necessary nor proper to go into the evidence at all. Generally speaking, writs of *certiorari* are based upon fundamental illegalities, going either to the jurisdiction or showing a failure to comply with the essential requirements of the law, and in such cases it is ordinarily unnecessary to bring up before this Court anything more than what might be described as the record proper. But even when in certain cases it is necessary, in order to review the action of an inferior tribunal, to show what the evidence was upon which such action was based, the petition need not ordinarily set out verbatim the testimony of each witness, nor the exact contents of written instruments. It is generally sufficient if the petition gives the substance of the evidence from which it appears that injustice has been done. 4 Encyc. of Pl. and Pr., 151-153, 262; 11 C. J. 151.

Section 8 of the statute above referred to provides in effect that the rules, regulations, decisions, etc., of the Commission under the provisions of said act shall be deemed reasonable and just and accorded *prima facie* validity.

Although petitioner alleges that on and prior to April 19, 1929, he had operated a freight truck line from Tampa to Orlando and intermediate points between Haines City and Orlando, the findings of the Commission show that he had not within a reasonable time applied for a certificate granting him the right to operate over such route "as a matter of right." That, on the contrary, he had merely seen fit to apply originally for a certificate to operate over the route from Tampa to Haines City, and subsequently sold all of

his rights under such certificate to. the Strickland Truck Line of Tampa, Florida, who are now operating over said route, and waited about a year before making the present petition. If this be true, it might well be that the petitioner waived or abandoned his right to apply for a certificate as a matter of right to operate over the entire route over which he claims to have been operating in good faith on April 19, 1929. Furthermore, the petitioner was certainly not entitled to but one certificate as a matter of right covering the route which he was operating over on April 19, 1929, and if he saw fit to secure a certificate under the quoted proviso to operate merely for a part of that route, that is from Tampa to Haines City, he could not subsequently claim as a matter of right a certificate from Tampa to Orlando, which would include a large part of the same route to which he had already obtained such a certificate under said proviso.

Furthermore, the commission found that he had failed to attempt to exercise such right "within a reasonable time" as required by the rules of the Railroad Commission. It is true, the Act provides that a certificate shall be granted as a matter of right to such auto transportation companies as were operating in good faith on the 19th of April, 1929, over the route for which such certificate shall be sought, but necessarily this was a right or privilege which the statute, considering all of its provisions together, contemplated should not be indefinitely or permanently extended, but that it should be exercised within a reasonable time, and the commission was expressly vested by the Act with the power to prescribe rules and regulations in the exercise of the jurisdiction thereby conferred upon it. See Section 5 of Chapter 13700. What rules or regulations the commission have adopted in respect to this particular matter are not shown by the petition. It is evident that one of

the prime purposes of this Act was to confine the number of auto transportation companies operating over a given route to such number as the public necessity and convenience should really require. If an operator delayed for an unreasonable length of time to take advantage of the opportunity afforded by said proviso, and the Railroad Commission in the meantime had granted a certificate for public necessity and convenience to several other companies, who were fully serving all of the public needs for that species of transportation service, it is very doubtful that after such unreasonable delay such operator could compel the commission to grant an additional certificate for the same route by virtue of the proviso above quoted. It is a general rule of wide acceptation that when no particular time is specified for the exercise of a right or privilege, the law presumes that a reasonable time was intended.

In the state of those portions of the record presented by the petition, we hardly think it was sufficient to merely allege in general terms that the order of the commission was not supported by the evidence, or was contrary to the evidence. This conclusion of the pleader is hardly enough to overturn the statutory presumptions that the findings of fact contained in the order of the commission, and its descision thereon, were "reasonable and just." State v. A. C. L. Co., 52 Fla. 646, 41 So. R. 705; State v. A. C. L. Ry. Co., 77 Fla. 366, 81 So. R. 498; State v. Seaboard A. L. R. Co., 89 Fla. 419, 104 So. R. 602.

For the reason above pointed out, the petition is hereby denied.

TERRELL, C. J., and ELLIS, J., concur.

WHITFIELD, P. J., and STRUM and BUFORD, J. J., concur in the opinion and judgment.