GREAT AMERICAN INSURANCE COMPANY, New York, a corporation, *Petitioner*, vs. IONA V. PETERS, a married woman, by her next friend, W. I. PETERS, and LAURA F. STIEREN, by her next friend, CHARLES STIEREN, *Respondents*.

141 So. 322.

En Banc.

Opinion filed May 2, 1932.

382

*O. D. Batchelor* for Petitioner;

*L. J. Cushman,* for Respondents.

BROWN, J.—Iona V. Peters, a married woman, by her next friend, sued the petitioner in the Civil Court of Record for Dade County, Florida, and obtained a judgment against the petitioner in the sum of approximately $2,000.00. In the course of the proceedings the declaration was amended so as to add Laura F. Stieren, by her next friend, as a party plaintiff. After judgment had been rendered in favor of the plaintiffs the petitioner sued out a writ of error to the Circuit Court in and for Dade County, which court affirmed the judgment of the Civil Court of Record. The defendant Insurance Company then filed its petition in this court for a writ of certiorari to review the judgment of the Circuit Court, setting forth in said petition certain alleged reasons why the order of the Circuit Court affirming the judgment of the Civil Court of Record should be quashed. The petition was

granted and a writ of certiorari in the usual form was issued by this court on February 16, 1932. The writ is captioned in the name of the petitioner and the respondent, and is issued in the name of the State of Florida, addressed to Hon. E. B. Leatherman, Clerk of the Circuit Court of the 11th Judicial Circuit of Florida in and for Dade County. The body of the writ reads as follows:

"For certain causes moved before the Justices of our Supreme Court, we command you that you, under the Seal of your said Court, the record and proceedings in a certain cause lately pending in your said Court wherein Great American Insurance Company of New York, a corporation, was Plaintiff in Error and Iona V. Peters, a married woman by her next friend, W. I. Peters, and Laura F. Stieren by her next friend Charles Stieren were Defendants in Error, with all things touching the same as fully and wholly as the same are before you now residing, to the Justices of our Supreme Court sitting in term at Tallahassee, Florida, on the 17th day of March, 1932, to send and certify, enclosed together with this Writ.

WITNESS the Honorable RIVERS BUFORD, Chief Justice of the Supreme Court and the Seal of the Supreme Court at Tallahassee, Florida, this 16th day of February, A. D. 1932.
(SEAL)                    G. T. WHITFIELD,
                Clerk Supreme Court of Florida."

Before there had been any return made to the writ, said Iona V. Peters by her next friend appeared specially "for the sole purpose of objecting to the jurisdiction of the court over her person and for moving the court to supersede the writ of certiorari for want of jurisdiction over her person," for several alleged reasons, the more important of which will be hereinafter discussed.

The first contention of the movant is that the party or parties in whose favor the judgment was rendered by the Circuit Court, which is sought to be annulled upon certiorari, must be made parties to the writ, and must be

summoned to appear before this court to be heard upon the matters to be determined, and must be properly served with process, unless it be waived by general appearance without such process.

It will be noted that the movant, Iona V. Peters, by next friend, is named as party respondent in the caption to the writ, and also named in that part of the body of the writ which describes the cause as it stood in the lower court, the record of which is ordered certified to this court. However, the writ is addressed to the clerk of the circuit court, and neither the writ, nor the order granting the writ, appears to require any service of process upon either of the parties in whose behalf the judgment was rendered in the court below. The quashing of which is sought in and by this proceeding. The petitioner has filed an affidavit in this court that a true copy of the petition was delivered to the attorney for the movant on February 17, 1932, and that a copy of the writ of certiorari was left at such attorney's office on February 27, 1932, However, this was not done in pursuance of any order from this court and might not dispense with the necessity of service of legal process, if, as contended by the movant, service of such process is required by law in order to give this court jurisdiction.

Counsel for the movant has cited to our attention the following quotation from 4 Encyc. of Pldg. & Prac., 183-184: ''Persons who are parties to the record, or who are interested in maintaining the regularity of the proceedings of which a review is sought, should be made parties defendant. By making such persons parties the court is enabled to do ample and complete justice, and to render a judgment which will be binding on all parties concerned, and which will terminate the controversy.''

Several cases are cited in the notes in support of the

foregoing proposition, and counsel has in his brief cited several additional cases, all from other jurisdictions.

See also, to like effect, 11 C. J,. page 142; Ferris on Extraordinary Legal Remedies, Sec. 175; 4 Standard Encyc. of Procedure, 907.

This does not necessarily mean, however, that the writ of certiorari should be directed to the parties to the cause in the court below who are interested in maintaining the regularity and validity of the proceedings of which a review is sought. This is shown by the same works cited by counsel for movant. Thus in 4 Encyc. of Pl. & Pr. at p. 176, it is said: "Since the object of the writ of certiorari is to procure the transmission by an inferior tribunal of its record, or a copy thereof, to the court out of which the writ issues, for the purpose of enabling the latter court to inspect such record, the writ should be directed to the court, tribunal, board or officer which, in legal contemplation, is the custodian of such record." See also a similar statement in 11 C. J. 166, where this language is added: "But, where no command is made as to them, the writ is not invalidated by the insertion in the body thereof of the names of interested persons." In this connection, it might be noted that there is authority for the practice of directing the writ to the clerk of the court where the court is a court of record. 4 Encyc. of Pl. & Pr. 177, 11 C. J. 167; Ferris on Extr. Legal Rem. Sec. 177.

On this question of parties defendant in certiorari proceedings, and the party to whom the writ should be directed, Spelling on Extraordinary Remedies in Sections 1984 and 2001, has this to say:

"As a general rule, a writ of certiorari should be directed to the person or body having legal custody of the record to be certified. But it was held that where a judge, sitting at chambers, has erroneously issued and directed an order to be filed as of a special term, a certiorari properly issues to the judge acting

as an officer out of court, and not to the court of which he is a justice. And under a statute providing that actions removed from the probate to the district court by certiorari shall be tried *de novo* the proceedings in the district court are not collateral, and the decision in the probate court may be reviewed without that court having an opportunity to correct its errors. But while the officer or tribunal having custody of the record is often made a party defendant, it is not to be understood that he or it is always or even generally a necessary party. And where certiorari is prosecuted in aid of an ejectment suit, the present owner should be a party to it; otherwise he cannot be bound by the adjudication. And certiorari in aid of habeas corpus should be directed to the officer having the prisoner in custody, and not to the judge.''

Section 2001. ''The question of proper parties defendant, has been already considered; but the writ is not necessarily, and in all cases, served upon the real defendant. Usually, where a court of record or the judge thereof, in his official capacity, is the defendant, it may be addressed to and served upon the clerk. And an improper address, as to an officer individually instead of officially, as well as lack of service, is cured by making return or entering appearance. The matter of service and address depend largely upon statutory provisions of the various states with which the practitioner is presumed to familiarize himself.''

In this connection Crandall's Florida Common Law Practice, pages 657, 659-660, says:

''The application for the writ is usually made and heard ex parte, but the court or officer to whom the application is made may require notice to be given the adverse party. As the allowance of the common-law writ is never a matter of right (the only statutory certiorari in Florida is the one previously discussed where the clerk of the circuit is authorized to issue the writ to a justice of the peace) the burden rests upon the application to convince the court that the writ should issue in the first instance. He should,

therefore, present not only a carefully prepared petition, but also a good brief.

\* \* \* \* \* \* \* \* \*

"Like other writs that of certiorari should run in the name of the State of Florida, bear teste in the name of the clerk or judge issuing it and bear date when issued and be returnable at the next ensuing rule day of the court issuing it. It should be directed to the court, tribunal, board or officer who, in the eyes of the law, has custody of the record desired, and also to those whose acts are to be reviewed and who are called upon to make the return. It should specify what records are to be returned and name the party upon whose petition the writ was issued.

"Service must be made upon both the persons having custody of the records to be returned and the persons called upon to answer, in the same manner and within the same time as is required of summons ad repondendum; and the proof of service is made in the same manner and filed on or before the return day. There is no statute or court rule requiring service of a copy of the petition upon which the writ issued, but this should be done, for the reason, that no error can be urged which is not specified in the petition and the defendants in certiorari are entitled to notice of what they are required to explain."

See also Roberts on Extraordinary Legal Remedies, 640 et seq.

In 11 C. J. 168, it is said that service of the writ must be made before the return day by delivery of the original writ to the person to whom it is directed, although it has been held that service in any manner whereby such person may reasonably be made aware of its requirements will be sufficient, and that where the writ is directed to a board having more than one member, the writ may be served on the chairman of such board. In Missouri it has been held that a private person may serve the writ. Gossett v. Devorss, 98 Mo. A 641, 73 S. W. 731. See also

4 Encyc. of Pl. & Pr. 202, the substance of which is similar to that in C. J.

In Missouri, where proceedings for certiorari are governed by the common law, it is held that the writ should issue to the custodian of the record to be certified, that being the only subject for review. But the practice in that state, where the judgment or order of a court or other body is attacked is to direct the writ to the tribunal itself, which controls the record. State v. Souders, 69 Mo. App. 472. However, as we have seen, there are other courts which hold that a writ of certiorari to review the judgment of a court of record may properly be addressed to the clerk of such court, who is the actual custodian of its records.

In New Jersey, it is held that when it is sought not only to reverse or quash the proceedings of an inferior tribunal; but also to assail rights acquired upon the strength of them, it is proper to bring in the person claiming these rights and that this may conveniently (though perhaps inartistically) be done, by directing the writ to them also and serving it upon them. Fleichauer v. West Hoboken, 10 Vroom 421; State v. Jersey City, 11 Vroom 483; Livermore v. City of Millville, 72 N. J. in Law, 221, 62 Atl. 408. The same court, in Cooper v. Twp. of Belleville, 118 Atl. 332, where writ of certiorari was obtained to review the action of the town in awarding a patrolman's salary to one Drake, dismissed the writ for two reasons; the first being that the gist of the claim on the part of petitioners amounted to an attack upon a public officer, which can only be by quo warranto; and the second reason being that Drake was not made a party to the proceedings. In this connection the court said: "It is of course fundamental that his rights cannot be determined unless he is brought into court." There was a similar holding in State v. Washoe County, 23 Nev. 247, 45 Pac. 529, in which case

it was said: "It is a well known principle that no man's rights can be concluded by a judgment unless he is a party to the action and has been given his day in court." In Woodbridge Twp. v. Allen, 43 N. J. Law, 262, the court said: "The owner of the title depending on the proceedings which are under review in the certiorari is made a party to the writ, that he may be heard in a suit affecting his interest and be concluded by the record." See also Black v. Twp. of Brinkley, 54 Ark. 372, 15 S. W. 1030. Counsel for movant also contends that the due process clause in our declaration of rights require that Mrs. Peters, the movant, should have been made a party defendant in this proceeding and cites the case of Redman v. Kyle, 76 Fla. 79, 80 So. 300, in which this court held that under section 12 of the declaration of rights, no one can be divested of his property as a result of a suit, either judicial or in its nature judicial, without a fair and full opportunity to contest the claim set up against him. In the opinion in that case the following extract from the opinion in Davidson v. New Orleans, 96 U. S. 97, 104, is quoted with approval:

"It is sufficient to observe here, that by 'due process' is meant one, which, following the forms of law, is appropriate to the case and just to the parties affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the means to be attained; and wherever it is necessary to the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. The clause in question means, therefore, that there can be no proceeding against life, liberty or property which may result in the deprivation of either, without the observance of those general rules established in our system of jurisprudence for the security of private rights."

We do not think that the absence of service of a copy of the writ of certiorari in this case upon the movant,

Iona V. Peters, by next friend, or upon her co-plaintiff in the trial court, Mrs. Stieren, by next friend, is, strictly speaking, a jurisdictional defect. The real respondent is the tribunal whose judgment is sought to be quashed. It is well settled by the decisions of this court that the common law writ of certiorari issues in the sound judicial discretion of the superior court, to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has acted without or in excess of its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Upon such writs we neither affirm nor reverse a judgment, nor try the case upon its merits. We must either quash the judgment sought to be reversed or quash the certiorari which brings it here. The writ is incidental to the supervisory jurisdiction of this court, and the authority to issue it is vested in this court by the constitution, and the writ of certiorari therein referred to means the common law writ of certiorari. Basnet v. Jacksonville, 18 Fla. 523; Ragland vs. State, 55 Fla. 157, 46 So. 724; First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618; S. A. L. Ry. Co. vs. Ray, 52 Fla. 634, 42 So. 714; Brinson v. Tharin, 99 Fla. 696, 127 So. 313, and cases therein cited. Proceedings in certiorari act upon the cause or proceedings in the lower court. At common law it was not regarded as an action, but as a special proceeding. The office of the writ is to bring up the proceedings of the court below for examination, that they may be affirmed or quashed, and not to enforce any rights growing out of those proceedings. The trial is had on the record alone. The main purpose of the common law writ was to confine inferior tribunals

within their jurisdictions, to prevent them from exercising powers not delegated to them, and not to correct mere errors which they may have committed in exercising the powers delegated to them. Later it was also issued to quash proceedings which were not had "according to the course of the common law." 4 Encyc. of Pl. & Pr., 8-11. Tidd's Practice, 397 et seq. Spelling on Extr. Rem. secs. 1890-1921; 1949-1984. Ferris on Extra. Rem. secs. 155-165. It is quite clear that where a judgment has been rendered without jurisdiction, no real rights are conferred thereby, and as in its early history the writ usually issued on the ground that the inferior court had acted without jurisdiction, it does not clearly appear to have been the practice at common law to direct the writ to or serve process upon the parties to the cause. The writ was usually directed to the tribunal and the effect of it was to remove the record and the cause from the lower court to the higher court, and it appears to have been assumed that this, in effect, brought the parties along with it. When the writ was granted and served, it operated as a supersedeas upon any further proceedings in the inferior court. Indeed, the writ could be issued on the petition of a person whose interests were vitally affected by the judgment even though he were not a party to the cause, and this court has held in another case during the present term. In this connection see also Deans v. Wilcoxon, 18 Fla. 531. But as the scope of the writ gradually widened, so as to permit the court issuing the writ to inquire whether the procedure in the court below had been "according to the course of the common law," or, as expressed in still later times whether the procedure was in accordance with "the essential requirements of the law," some of the courts began to hold that the interested parties to the cause in the trial court, and whose rights would be affected by the proceedings in certiorari, should be

made parties respondent, and given notice and an opportunity to be heard in the certiorari proceedings. This appears to have been done at first more as a matter of grace, rather than as a matter of right.

In Baker v. City of San Francisco Superior Court, 71 Cal. 583, 12 Pac. 685, it was held that in certiorari brought by a plaintiff in an action in the superior court, where such court was alone made respondent, and service of the writ was made on the judge of that court and defendant, the service was sufficient and the proper parties were before the court. And in Hilton v. District Court, 43 Nev. 128, in a well considered opinion, it was held that the Supreme Court, in the exercise of its discretion, would issue a writ of certiorari to review the action of a district court without notice to the adverse parties, but the Supreme Court should not be asked, in such a proceeding, to annul a judgment granting support and maintenance to a wife, where the adverse party was not made a party to the application for the writ. In the opinion in that case it was said:

"We concede that in this case the writ should not have issued without notice to the adverse party, for the reason, not as contended by counsel for respondent that she is a necessary party, but because should this court annul the judgment rendered by the respondent it would not bind the defendant unless she had her day in court on the hearing of the certiorari. Wilson v. Morse, supra; Pollick v. Cummings, 38 Cal. 685; Fraser v. Freelon, 58 Cal. 645. But the failure of the petitioner to make the defendant in the action a party to the application for the writ, or the failure of this court to give to her notice of the application, furnishes no ground under our statutes for quashing the writ. The respondent tribunal is the real party respondent to a writ of certiorari (Rev. Laws 5686), although other parties might appear to maintain or object to the proceedings and be subject to costs (Bailey on Juris., sec. 434a). This, however, is a

matter entirely within the discretion of the court. In the exercise of our discretion we are empowered to issue the writ even without notice to the adverse party. Rev. Laws, 5685.''

We have certain statutory provisions governing the review of judgments of justices of the peace by certiorari; also Supreme Court Rule 14 where certiorari is used to require the correction of a record; but these are of no significance here. We have no statute, nor rule of court, governing the particular matter here under consideration, nor has this question hitherto been raised in this jurisdiction. After the usual writ, addressed to the tribunal or the custodian of its records, has been granted by this court and served, the parties to the cause in the court below have customarily, without service of process, appeared in this court, as petitioner and respondents, and presented their respective contentions by brief, and frequently also by oral argument. Just as the statutory constructive notice afforded by the filing of a notice of entry of appeal in chancery causes in the office of the clerk of the circuit court, and its recordation in the chancery order book, has in practical experience served as a satisfactory notice to the opposite parties of the taking of an appeal, so it seems that the method which has been customarily pursued in this jurisdiction in certiorari proceedings has operated to give adverse parties notice of such proceedings. The nearest approach we have to a rule touching this matter of notice is Supreme Court Rule 20, as amended Nov. 5, 1930, which by its terms applies to causes brought before this court by *certiorari,* as well as by appeal and writ of error. This rule requires proof of service of copy of brief on opposing counsel. Sometimes petitioners to this court for writs of certiorari have in their petitions asked that the adverse party be made a party respondent or defendant, and this has been done. Thus in the recent case of S. A. L. Ry. Co. v. Wells, et al. 100 Fla. 1027, 130 So.

587, not only the Railroad Commissioners, but also the Union Bus Company, to whom a certificate had been issued by an order of the Railroad Commission which was sought to be reviewed, were all named as parties respondent; the writ was addressed to all of them, and there was added at the end of the usual form of writ (such as that used in this case) commanding the Railroad Commissioners to send up the certified record of the proceedings before them, this clause: "And that you, the said Union Bus Company, on the 4th day of March, A. D. 1930, aforesaid, do appear in said Cause before the Justices of our Supreme Court, that therein may be done what is right and according to the laws of this court should be done." Some similar clause addressed to the parties plaintiff in this case in the court below might well have been embraced in the writ in this case, but its omission is not fatal to the efficacy of the writ to remove the cause to this court or to the jurisdiction of this court to proceed, in the exercise of its supervisory jurisdiction under the common law writ of certiorari, to determine whether in this case the circuit court acted without jurisdiction, or whether its procedure constituted a departure from the essential requirements of the law. As to this latter inquiry, this court would not, however, care to proceed without having the parties to the cause, in whose behalf the judgment in question was rendered, and who are interested in upholding its regularity and validity, given notice and a fair opportunity to be heard. Whether, without bringing in such parties, the judgment rendered by this court would, or would not be binding upon them, it is not here necessary for us to decide. But it is our view that we should not proceed to render judgment in such a case as this, which does not attack the jurisdiction of the court, but merely the legality of its action in the exercise of its jurisdiction, without giving such parties appropriate notice and an opportunity

to be heard; unless, of course, such party or parties voluntarily appear here without such notice.

It might be noted in this connection that section 5167 G. C. L., provides that where the circuit court has rendered a judgment in any case appealed from the civil court of record, "it shall be competent for the Supreme Court to require by certiorari or otherwise upon the petition of any party thereto any such case to be certified to the Supreme Court for its review and determination," and that: "The Supreme Court shall make such rules and regulations as may be proper for the exercise of its power under this law." It will be observed that this statute says nothing about service of the writ upon or notice to adverse parties. However, we have held that under the constitution the Supreme Court is vested with authority to issue common law writs of certiorari, without statutory aid, and that such power cannot be in any wise impaired or curtailed by statute. The statute, however, does not require anything other than the command to the lower court, by certiorari "or otherwise," to certify the case, (meaning no doubt, the record of the case) to this court. After considerable investigation, we are not able to say with any certainty that anything more than this was required at common law, prior to July A. D. 1776, as of which date our state adopted the common law. There is an amazing variety and considerable conflict in the decisions of the various states, and among the text writers as well, due in some measure to constitutional and statutory modifications, as to the exact procedure in certiorari, but they all seem to agree that (1) the petition for the writ must clearly show either lack or excess of jurisdiction, or fundamental illegality in the proceedings of the court, tribunal or officer, whose judgment or order is sought to be reviewed (see In re Edwards, 100 Fla. 989, 130 So. 615, and (2) that the writ must be addressed to such court,

tribunal, body or officer, possessing judicial or quasi-judicial powers, and if a court of record, either to the court or its clerk (though as to whether it should be directed to the court or the clerk there is some conflict), requiring the record of the proceedings to be certified and sent up to the court issuing the writ. See in addition to the authorities already cited, Carson's Fla. Comm. Law Pleading, 180-184. Puterbaugh's Pldg. & Prac., 8th ed., 572-575, which emphasizes these fundamental requirements.

The movant also contends that the writ should show the cause of complaint by the party aggrieved, that is, it must set forth the errors or irregularities complained of, and must show that the prosecutor of the writ has such an interest in the proceedings as would entitle him to prosecute the writ. Our opinion is that while these matters should be sufficiently shown in the petition, which must make out at least a good prima facie case in these respects before the court would be warranted to make its order allowing the writ, it is not necessary for these matters to be set forth in the writ itself; and that the writ in this case was and is legally sufficient to bring up the record and remove the cause to this court.

It is further contended that the writ should have been directed to the court or tribunal, but, as above intimated, it is our opinion that where the court whose judgment is sought to be annulled is a court of record, the writ may be directed either to the court or to the clerk, who is the lawful custodian of its records.

It is also contended that the writ must be served upon all parties to whom it is directed, and should be made returnable to a rule day, and further that it must be served by an officer authorized to make service of process. There is no ground of the motion which furnishes a foundation for this contention. And we have no rule days in this

court. We might note in passing that section 4572 C. G. L. provides that "each sheriff shall in person or deputy execute all process of the Supreme Court," but this does not necessarily mean that common law writs of certiorari issuing from this court must in every case be served by a sheriff or his deputy. The same may be said with reference to section 4238 C. G. L. Delivery of the writ to the person to whom it is directed is all that is required. See 4 Encyc. Pl. & Pr. 202; 11 C. J. 168-169. Section 4236, C. G. L. is not applicable to proceedings in this court.

It is quite probable that the motion in behalf of Mrs. Peters has taken such a wide range, raising questions other than those relating to jurisdiction of the person, as to amount to a general appearance in this court. See Ortell v. Ortell, 91 Fla. 50, 107 So. 442; 4 C. J. 1339 et seq.; 2 Encyc. P. & Prc. 637, 654; Swinney vs. Fla. Land & Mortgage Co. et al., 94 Fla. 653, 114 So. 567. In Crandall on Fla. Comm. Law Prac. 660, it is said:

"The parties, or any of them, to whom the writ is made may move to dismiss, quash or supersede the writ if they so desire. If made before the return day the motion is to supersede the writ; if after the return, it is either to dismiss or quash. These distinctions are practically disregarded. There are many grounds, such as defective service, improvident issuance of the writ, and insufficiency of petition upon which these motions may be based."

While the writ in this case was not directed to Mrs. Peters, by her next friend, she was named in the caption as a party respondent, and described in the body of the writ as one of the parties to the cause in the court below, and when she appears in this court, and not only objects to the jurisdiction of this court over her person, but also moves the court to supersede the writ directed to the clerk of the court, for alleged defects therein which go beyond

the question of the jurisdiction of the court over her person, it amounts to a general appearance in the cause. Furthermore, we are satisfied by the affidavit filed by counsel for petitioner, as well as by the filing and argument of this motion, that the movant has been effectively notified of the pendency of this proceeding and acquainted with the petition and the writ; and she, by her next friend, will, if desired by her, be given full opportunity to be heard herein on all issues which have been or may be raised in the cause.

For the reasons above given, the motion is denied.

But, as this is an original proceeding in this court, and as it does not appear that the other party in whose favor the judgment of the court below was rendered, namely, Laura F. Stieren by her next friend Charles Stieren, has been given notice, the court will defer further proceedings in the cause until the petitioner shall have furnished the court with satisfactory proof that said Laura F. Stieren, by her next friend Charles Stieren, has been served with a copy of the petition filed and the writ issued herein, to the end that she may be given an opportunity to be heard if she so desires.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.