REED, Judge.
Appellees, Carl Ulmer and Frederick R. Aluisy, applied to the Zoning Board of Appeals of the City of West Palm Beach (hereafter called “zoning board”) for a variance from a zoning ordinance. The appellant, Helen S. Weber, opposed the application, but the variance was granted on 4 May 1967. Thereafter, the appellant filed in the Circuit Court for Palm Beach County a petition for a writ of certiorari. The petition named the zoning board, Carl Ul-mer, and Frederick R. Aluisy as respondents. The petition was served on Ulmer and Aluisy by the sheriff of Palm Beach County. On 1 June 1967 it was also served by the said sheriff on Robert L. Smith as chairman of the zoning board.
On 6 June 1967 the circuit court entered an order directed to all respondents (ap-pellees here) requiring them to file an answer to the petition within ten days after the date of the service of the order and directing the respondent, zoning board, to file with the circuit court at the time of filing its return a complete record of the proceedings held in connection with the application for the variance from the zoning ordinance. This order was served by the sheriff on Ulmer and Aluisy and Robert L. Smith as chairman of the zoning board. Service on Robert L. Smith was effected on 8 June 1967.
Although the City of West Palm Beach was not named as a respondent in the petition for the writ of certiorari, on 12 June 1967 the City of West Palm Beach through its attorney filed a special appearance in the circuit court and moved to dismiss the certiorari proceeding on the ground that the court lacked jurisdiction over the City of West Palm Beach and the zoning board. This motion was granted by the circuit court’s order of 19 June 1967 from which this interlocutory appeal is taken. The order recites that the circuit court does not have jurisdiction of the zoning board, except Robert L. Smith as chairman. The order also quashes the court’s earlier order of 6 June 1967 by which the zoning board was required to send its record to the circuit court for review.
The zoning board was created under the enabling legislation found in Chapter 176, Florida Statutes 1965, F.S.A., and particularly section 176.08 thereof which provides for a board of adjustment empowered to grant special exceptions to the terms of zoning ordinances.
There are only two questions of substance presented by the briefs and record *260 in this case.[1] One is whether the appellant was' required to name the City of West Palm Beach, Florida, as a respondent in the petition for the writ of certiorari. The other is whether service on Robert L. Smith as chairman of the zoning board was sufficient to empower the circuit court to order the transmission of the record of the zoning board and to rule on the issues made by the petition for certiorari. It is apparent from the court’s order of 19 June dismissing the petition and quashing its prior order of 6 June that it answered the latter question in the negative.
Section 176.16, F.S. 1965, F.S.A., provides that any person aggrieved by a decision of the “board of adjustment” (a generic term including within its scope the zoning board) may present to a circuit court a petition for a writ of certiorari on the ground that such decision is illegal in whole or in part. The statute provides that the petition shall be presented to the court “in the manner and within the time provided by the Florida appellate rules”. Section 176.17, F.S. 1965, F.S.A. provides that upon the presentation of such a petition, the circuit court may allow a writ of certiorari directed to the board of adjustment to review the decision of the board. It was on the basis of these two sections that the petition for certiorari was filed by the appellant. Section 176.17, F.S. 1965, F.S.A. does not require that the city for which the board serves be made a party respondent to the petition. It is our opinion that such a requirement cannot be raised by judicial construction.[2]
The function of a writ of certiorari in the type of case before the court is to procure the transmission to a reviewing court of the record made in the administrative agency which in this case is the zoning board, Great American Insurance Co. v. Peters, 1932, 105 Fla. 380, 141 So. 322, 325, 327. This function can be adequately performed without the joinder of the City of West Palm Beach.
It is our conclusion that the city was not required to be named as a respondent in the petition for the writ of certiorari, was not required to be served with the petition or the order issued thereon dated 6 June 1967, and had no standing to file the motion to dismiss which ultimately led to the order of dismissal dated 19 June 1967.
Under Section 176.16, F.S. 1965, F.S.A. the Florida Appellate Rules govern the certiorari proceeding thereby authorized. F.A.R. 4.5(c) (2) provides that a copy of the petition shall be served on the respondent or his attorney.[3] The narrow issue here is whether the service of the petition on the *261 chairman of the zoning board, as distinguished from service on each member thereof individually, is sufficient to comply with the service requirement of F.A.R. 4.5(c) (2), as that rule applies to a certiorari proceeding authorized by Sections, 176.16 and 176.17, F.S. 1965, F.S.A. At the time service of the petition was made in the described manner the zoning board was not represented by an attorney of record. We believe that such service was sufficient because it was appropriate to afford notice to the zoning board that its record or a certified copy thereof should be sent to the circuit court for review and to provide the zoning board an opportunity for participation in the hearing before the circuit court.
None of the parties have cited to this court a Florida case squarely on point and we have found none. Dictum from the Florida Supreme Court is, therefore, entitled to persuasive weight on the question of the adequacy of the service, Milligan v. State, Fla.App. 1965, 177 So.2d 75, 76.
In Great American Insurance Co. v. Peters, supra, the court had before it the question of the sufficiency of a writ of certiorari issued by the Florida Supreme Court to the clerk of a circuit court directing the clerk to forward a record for review. An objection was made to the writ by one who had been a party to the action in the lower court. A dismissal of the writ was sought by the objecting party on the ground that she was not made a party to the writ and was not served with process requiring her to appear before the reviewing court. The Supreme Court held that the record indicated that the party filing the objection, although not served with process, was adequately apprised of the writ and given an opportunity to be heard with respect thereto by virtue of delivery of a copy of the writ and the petition therefor to her attorney. In dictum at page 325 of its opinion the court says:
“In 11 C.J. 168, it is said that service of the writ must be made before the return day by delivery of the original writ to the person to whom it is directed, although it has been held that service in any manner, whereby such person may reasonably be made aware of its requirements, will be sufficient, and that, where the writ is directed to a board having more than one member, the writ may be served on the chairman of such board. ‡ ifc * »
Based upon the foregoing authority we hold: (a) the City of West Palm Beach, Florida, was not a necessary party to the petition for the writ of certiorari and was not required to be served with the petition or the order of 6 June 1967 issued pursuant to the petition, and (b) the service of the petition on the chairman of the zoning board in his capacity as such was sufficient service under F.A.R. 4.5(c) (2) to support the order of 6 June 1967 requiring the appropriate records of the zoning board to be transmitted to the circuit court for review by certiorari under Sections 176.16 and 176.-17, F.S. 1965, F.S.A. Accordingly, the order of 19 June 1967 is quashed. On remand the circuit court’s order of 6 June 1967 should be reinstated with an appropriate extension of time to permit compliance therewith.
WALDEN, C. J., concurs.
CROSS, J., dissents.

. The appellees, Ulmer and Aluisy, filed a brief herein presenting no argument but pointing out a deficiency in the record brought up by the appellant. If a deficiency existed, we believe the same was corrected by the appellant’s reply brief and the appendix thereto. See F.A.R. 4.2(d) and 3.7(h), 1962 Revision, 32 F.S.A.

. Headley v. Lasseter, Fla.App.1962, 147 So.2d 154, 156 cited by the zoning board and the City of West Palm Beach as support for their contention that the city was a necessary party, by the express language of the opinion therein, applies to a situation in which there is no controlling statute; therefore, it is not persuasive authority in the present case.

. Neither the motion to dismiss filed by the City of West Palm Beach in the circuit court nor the brief filed herein by the city and zoning board objects to the service of the petition on the ground that it was filed with the clerk the day before such service occurred. Also no objection is made by either of said appel-lees that the petition was unaccompanied by a brief or certified copy of the transcript. In this particular case where ap-pellees have not objected to these points and the statute under which the petition was filed expressly provided for an order to the zoning board requiring it to transmit its record to the court, we believe that the record reflects substantial compliance by the appellant with the requirements of F.A.R. 4.5(c) (1) and 4.5(c) (2) as to the time of service and the accompaniment of the petition with a certified transcript and brief.