CROSS, Judge
(dissenting) :
I respectfully dissent. The majority’s opinion relies upon the dictum stated in the case of Great American Insurance Co. v. Peters, 1932, 105 Fla. 380, 141 So. 322, to substantiate their position that the city was not required to be named a respondent to the petition for a writ of certiorari. I am of the opinion the majority has misinterpreted and used dictum therein for a purpose contrary to the actual holding of the case. The dictum as stated in Great American Insurance Co. v. Peters, supra, was simply to explain the function of a writ of *262 certiorari. The dictum does not in any manner pertain to the question of whether or not a city is a necessary and proper party to a petition for writ of certiorari.
What we are concerned with here is whether or not a city is a necessary and proper party and should have been so named as a respondent in the petition for the writ of certiorari seeking review of an order denying a variance from a zoning ordinance. I do not question service of the writ on the board and that service thereof may be made on a chairman of a board where that board has more than one member. My position in this dissent is that the city is a necessary and proper party to the proceedings and should have been so named a party respondent. My dissent is bottomed upon basic consideration of the nature and scope of zoning.
Zoning laws in their usual form are an exercise of the police power in a particular field to secure the public health, safety and welfare of the community. 8 McQuillan Mun. Corp. (3d ed.) at 37. In keeping with its over-all purpose to secure the public health, safety, and welfare of the community, the administration of the zoning laws may be delegated by a municipal legislative body or other legislative body to commissions, boards, and officials.
The board of adjustment, or board of appeals as it is frequently called, is an indispensable element in a properly functioning zoning machinery. It is the function of this board to give the requisite flexibility to the zoning ordinance by granting exceptions or variances as they are more commonly called to such ordinances.
Resort to the city ordinance for each proposed variation would be unsatisfactory, or the delegation of power to a single official such as a building inspector to grant variances would also be unwise. By establishing a board of appeals a municipality furnishes a forum where an applicant can be heard who thinks he should be allowed some amelioration of the strict letter of the law.
The board of appeals is an administrative agency, one which exercises quasi-legislative and quasi-judicial powers over persons and property and as such is subject to the general restrictions of administrative law that applies to such discretionary activities.
A Florida municipality has an option to establish a five-man board of appeals (Sections 176.07 to 176.09, F.S.1965, F.S.A.) but it is not mandatory that such a board be created. State ex rel. Henry v. City of Miami, 1934, 117 Fla. 594, 158 So. 82. A general enabling act confers upon the board power to hear and decide appeals when administrative error is alleged, to grant such exceptions and to authorize variances when they will not be contrary to public interest and when literal enforcement of the zoning ordinance will result in “unnecessary hardship”. Section 176.14, F.S.1965, F.S.A.
The City of West Palm Beach has adopted an ordinance in accordance with the provisions of Chapter 24981 of the Laws of Florida, Special Acts 1947 (City Charter), and Chapter 176 of Florida Statutes 1965, F.S.A., such zoning regulation to be a part of and known as Chapter 53 of the City Code 1962. Section 53-20, Zoning Board of Appeals Procedure, establishes for the City of West Palm Beach a zoning board of appeals.
In dealing with the problem at hand, we must logically consider the function of a board of appeals. The board is created at the option of the municipality as an arm of the municipality. It is not an entity in and of itself, but it is part and parcel of its creator, i. e., the municipality.
The most famous formulation made by an American court of the rules governing indispensable and necessary parties is that found in Shields v. Barrow, 1854, 58 U.S. (17 How.) 130, 15 L.Ed. 158, decided by the Supreme Court of the United States in 1854. Under this test parties are indispensable who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made *263 without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience. Necessary parties are those having an interest in the controversy and who ought to be made parties in order that the court may act on that rule which requires it to decide on and finally determine the entire controversy and do complete justice by adjusting all the rights involved in it.
With reference to the need to join necessary or indispensable parties, the Supreme Court of Florida in the case of Robinson v. Howe, 1895, 35 Fla. 73, 17 So. 368, set forth that “ ‘it is a general rule in equity * * * that all persons materially interested, either legally or beneficially, in the subject matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. By this means, the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others, who are interested in the subject-matter, by a decree which might otherwise be grounded upon a partial view only of the real merits. When all the parties are before the court, the whole case may be seen; but it may not where all the conflicting interests are not brought out upon the pleadings by the original parties thereto.’ * * * ”
It certainly cannot be denied that the City of West Palm Beach is an interested party to any action taken by or against its board of appeals, since such action would necessarily entail in some manner the health, welfare, and public safety of the community itself. Logic illustrates that the real party in interest in actions taken by or against the zoning board of appeals is the city. Actions taken by or against the board directly affect the wellbeing of the public, and the public represented by the city should be a party.
It has been held that a municipality is a necessary party to an action in which its zoning ordinance is sought to be invalidated. Many jurisdictions consider the municipality to be both a necessary and indispensable party to such an action. See Mayer v. Board of Adjustment of the Town of Montclair, 1959, 56 N.J.Super. 296, 152 A.2d 860. Cobble Close Farm v. Board of Adjustment of Middleton Tp., 1952, 10 N.J. 442, 445, 92 A.2d 4. I see no logic in an argument that would state that the city would have a less interest in the granting or denial of a variance since this is no less important to the health, welfare, and safety of the general public as would be the validity of a zoning ordinance.
I am not unmindful that Section 176.17, F.S.1965, F.S.A. provides that upon the presentation of such a petition the circuit court may allow a writ of certiorari directed to the hoard of adjustment to review the decision of the hoard. I feel that section 176.17 must be read in pari materia with section 176.08, which states “The governing body of the said municipality may provide for the appointment of a board of adjustment * *
Further, Section 176.17, F.S.1965, F.S.A., appears to be remedial in nature and should be construed liberally. A statute relating to procedure is normally remedial in nature in that it gives a remedy and tends to abridge some defect or superfluities of the common law.
I think that an interpretation of Section 176.17, F.S.1965, F.S.A., in keeping with the intent of the legislature must necessarily be liberal.
In conclusion, it is my opinion that the interest of the city is so great in protecting its citizens by making sure that their health, their safety, and their welfare is maintained that any action against the board of appeals necessarily entails an action against a city. Therefore, the city, to protect the interest of the public, must be made a party to this suit, and there was no jurisdiction *264 over the board of adjustment itself without naming the city as a respondent in the petition for writ of certiorari. I would affirm the order of the trial court.