305 So.2d 756 (1974)
Dana P. BRIGHAM, Petitioner,
v.
DADE COUNTY, a Political Subdivision of the State of Florida, Respondent.
No. 44878.
Supreme Court of Florida.
November 13, 1974.
Rehearing Denied January 28, 1975.
*757 Dana P. Brigham of Brigham & Brigham, Miami, for petitioner.
Stuart Simon, Co. Atty., and St. Julien P. Rosemond, Asst. Co. Atty., for respondent.
PER CURIAM.
We review by writ of certiorari a per curiam without opinion decision of the District Court of Appeal, Third District, upholding a record proper order of the Circuit Court of Dade County, Florida which dismissed a petition for writ of certiorari of Dana P. Brigham sought to be directed to Respondent Dade County, a political subdivision of the State of Florida, because "Petitioner has failed to join an indispensable party, the zoning applicant Minema Corporation, within the thirty day jurisdictional period." The order of the Circuit Court was a final one dispositive of Petitioner's petition for writ of certiorari which attacked the validity of a zoning regulation change made by Dade County as applied for by the Minema Corporation concerning its real property in Dade County, Florida.
Petitioner maintained in its petition for writ of certiorari filed in the Circuit Court that the County had no jurisdiction to grant the zoning change and desired that the Circuit Court have the record of the administrative proceedings resulting in the change brought before the court and reviewed.
After dismissal of the petition for writ of certiorari, the Petitioner, as appellant, took an appeal from the Circuit Court order of dismissal to the District Court of Appeal, Third District, and presented the following point of law:
"Whether or not an applicant to an administrative body is an indispensable party to a petition for a writ of certiorari from the action of the administrative body whose non-joinder deprives the Court of jurisdiction."
It is our view that conflict exists between the decision of the District Court and the rationale of Great American Insurance Co. of New York v. Peters (1932) 105 Fla. 380, 141 So. 322, and Orlando Transit Co. v. Florida Railroad & Public Utilities Commission (1948), 160 Fla. 795, 37 So.2d 321.
It was said in the Peters case: "The real respondent is the tribunal whose judgment is sought to be quashed ..."
In the Orlando Transit Co. case intervention was disallowed by this Court to certain corporate carriers in a certiorari review of orders of the Florida Railroad & Public Utilities Commission.
In explanation of disallowance of intervention, it was said by this Court:
"... We have held that `To the extent that it involves the review of the proceedings of an inferior court certiorari is an appellate proceeding, but to the extent that the subject-matter of the proceeding [sic] brought before the appellate court will not be reinvestigated, tried, or determined on the merits as on appeal or writ of error, it is an original proceeding.' Atlantic Coast Line R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66, 68, 113 So. 384. But, strictly speaking, this is not such an original proceeding as would admit of `intervention' in this court as that term is generally used.

*758 * * * * * *
"We think that in all the circumstances they [the petitioning corporate carriers] should have been heard, had their requests been seasonably made. We conclude that they were entirely too late when they waited until the case had been determined on its merits. Having actively participated in the proceedings below, they were put upon notice that a review of these proceedings might be sought in this court, and upon inquiry they could have determined when the petition for certiorari was presented here. We have no requirement that notice be given them, but the information was easily available. Upon close study we are convinced that this is not a harsh rule. By analogy when a litigant fails in a lower court he has only to file a notice of appeal in order to give the appellate court jurisdiction, and it is expressly provided that where the appeal is to the supreme court no actual notice of appeal shall be necessary. Section 59.10, Florida Statutes 1941, and F.S.A. We cannot see where any greater burden would be placed upon the present petitioners to make inquiry about an effort to review an order of the commission in a proceeding like the instant one than is placed upon a litigant to inform himself whether a notice of an appeal from a judgment of a lower court has been filed in the clerk's office. This thought seems to coincide with the one expressed by this court in Great American Insurance Company of New York v. Peters, 105 Fla. 380, 141 So. 322-327." (37 So.2d 321, 329.)
As we understand it the writ of certiorari sought in this situation is not an original proceeding in which persons' rights are to be initially adjudicated, but it is sought to review completed administrative action wherein it is claimed that the essential requirements of law have not been followed. In such situation it is not absolutely necessary that interested third party persons be joined as respondents. In some situations involving administrative action so many third parties may have interests that to require their joinder along with the administrative agency would be impracticable and defeating to the cause of action.
We note the record discloses that when Petitioner herein petitioned the Circuit Court for a writ of certiorari challenging the jurisdiction of the Dade County Commission in the zoning change matter, he mailed notice thereof both to Dade County and the Minema Corporation, the recipient or applicant for the zoning change.
We find nothing in the appellate rules relating to appeals or to petitions for writs of certiorari requiring joinder of the Minema Corporation as an indispensable condition to a review of the Dade County zoning change.
In this situation we conclude the order of the trial court affirmed by the District Court concerning the joinder of the Minema Corporation as an indispensable party was improper.
Accordingly, we quash the judgment of the District Court with direction that the order of the trial court be vacated and that further proceedings be had under the writ of certiorari in the trial court as may thereafter be deemed advisable. We do not wish to be understood as having passed upon any phase of the cause below on its merits than that which has been considered herein.
It is so ordered.
ADKINS, C.J., and ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.
BOYD, J., dissents.