LEHAN, Judge.
Tampa Bay Cab Company, Inc., appeals from the denial of its petition to intervene in a proceeding for writ of common law certiorari in the circuit court. Finding no jurisdictional basis for such an appeal, we have elected to treat the proceeding in this court as a petition for writ of certiorari alleging a departure from the essential requirements of law. See Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), petition for review denied, 397 So.2d 779 (Fla.1981), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981); Fla.R.App.P. 9.040(c). We deny the writ.
On May 27, 1982, Tampa Bay Cab Company, Inc., hereinafter called petitioner, applied to the Hillsborough County Consolidated Taxicab Commission for authority to operate thirty taxicabs in Hillsborough County. Pursuant to chapter 76-383, section 4, Laws of Florida, and the rules of the Commission, notice of petitioner’s application, and of the date and time of the public hearing thereon, was given to other taxicab companies operating in the county. The two respondent taxicab companies were *247 represented at the public hearing by attorneys and witnesses.
After the Commission granted petitioner’s application, respondents filed their petition for writ of common law certiorari in the circuit court, seeking to have the court declare null and void the Commission’s issuance to petitioner of a Certificate of Public Conveyance and Necessity. The Commission was named as a party respondent to the petition, but petitioner was not. Petitioner subsequently filed a motion to intervene in the proceedings, which the circuit court denied, saying that petitioner could appear as amicus curiae. On reconsideration, the court again denied petitioner’s request to intervene, stating that the common law certiorari proceeding was an appellate proceeding and that the court found no basis for intervention. Petitioner seeks review of that denial.
The Florida Supreme Court has held that in proceedings to review completed administrative action where it is claimed that the essential requirements of law have not been followed, it is not absolutely necessary that interested third parties be joined as respondents. Brigham v. Dade County, 305 So.2d 756 (Fla.1975); Great American Insurance Co. of New York v. Peters, 105 Fla. 380, 141 So. 322 (1932).
In Brigham v. Dade County, the petitioner sought a writ of certiorari in the circuit court directed to the respondent, Dade County. The petition attacked the validity of a zoning regulation change made by Dade County as requested by Minema Corporation. The circuit court dismissed the petition because petitioner had not joined Minema Corporation, which the circuit court considered to be an indispensable party. The district court of appeal upheld the dismissal of the petition. The supreme court quashed the order of the district court of appeal and directed that the circuit court’s order of dismissal be vacated.
The case before us is very similar to, and is controlled by, Brigham v. Dade County. Applying the holding of that case, we cannot say that the circuit court departed from the essential requirements of law when it denied petitioner’s motion to intervene.
We recognize that petitioner has a very important interest in the matter. But, just as the Florida Supreme Court said in Brigham (quoting Peters) that “the real respondent is the tribunal whose judgment is sought to be quashed,” 305 So.2d at 757, in the case before us the real respondent is the Taxicab Commission. Just as in Brigham, the writ of common law certiorari in the circuit court in the case before us “is sought to review completed administrative action wherein it is claimed that the essential requirements of law have not been followed.” 305 So.2d at 758. Referring to those circumstances, the Florida Supreme Court said, “In such situation it is not absolutely necessary that interested third party persons be named as respondents.” 305 So.2d at 758. The interest of the “third party” in Brigham was that its property had been affected by the zoning change which was being challenged in the circuit court. In the case before us petitioner’s interest is of course no less direct since its business was affected by the Taxicab Commission’s action. But, as in Brigham where an order of the circuit court, which was affirmed by the district court of appeal, requiring the joinder of the third party was found to be “improper,” 305 So.2d at 758, any such order in this case requiring the joinder of petitioner would be improper.
In Brigham and Peters, supra, the supreme court made note of the fact that the party who was not joined had at least received notice of the proceedings (in Brigham) or was being given an opportunity to be heard (in Peters) although joinder was not required. We note that the circuit court in this case has stated that it will allow petitioner to be heard as amicus curiae.
Accordingly, the petition to this court for writ of certiorari is DENIED.
OTT, C.J., and SCHEB, J., concur.