COWART, Judge.
The then owner of certain real property instituted a law action contesting the 1976 ad valorem tax assessment on the basis that the County Property Appraiser failed to give sufficient consideration to the effect on the value of the land of certain governmental pollution control permits and of a governmental moratorium on development and improvement of the land. The trial court held for the County Property Appraiser. On appeal the appellate court agreed with the landowner and remanded for a redetermination of the proper assessed value for that year. Atlantic International Corp. v. Turner, 381 So.2d 719 (Fla. 5th DCA), cert. denied, 388 So.2d 1119 (Fla.1980).
Although the appellate mandate issued on March 24, 1980, no action was taken in the trial court until December 24, 1986, when the County Property Appraiser filed a motion for judgment in accordance with the mandate. On that same date, appellant served a motion to intervene, alleging that during the interim, he had become the owner of the land in question and desired to participate in the determination of the proper assessed value of the land in 1976 and the resulting taxes that would thereby become a lien on his land. The trial court denied the motion to intervene on the ground that the motion was untimely. We reverse the order denying appellant’s motion to intervene and remand with directions to the trial court either to grant the motion to intervene or to treat it as a motion for substitution (Florida Rule of Civil Procedure 1.260(c)) and to grant it. As the present owner of the land, appellant is affected by, and is entitled to be heard as to, the substantive issues involved in this litigation.
REVERSED and REMANDED.
UPCHURCH, C.J., and SHARP, J., concur.