## CITIZENS FOR RESPONSIBLE GROWTH, et al. v MARTIN COUNTY, et al.

### Case No. 89-935 CA

Nineteenth Judicial Circuit, Martin County

January 17, 1990

**APPEARANCES OF COUNSEL**

**Thomas J. Baird** and **Alfred J. Malefatto,** for plaintiff.

**Stephen C. Page** and **Lee B. David,** for defendant, Martin County.

**OPINION OF THE COURT**

JOHN E. FENNELLY, Circuit Judge.

THIS MATTER came on for hearing pursuant to the putative Intervenor JENSEN BEACH LAND COMPANY's Motion To Intervene, which by way of explanation seeks to obtain intervenor status based on its interest as Developer of the proposed West Jensen Beach Project (hereinafter referred to as "Project"). The action putative Intervenor seeks intervention in is a Petition for Common Law Certiorari filed by Citizens For Responsible Growth, et al. against Martin County. Citizens seeks, in its petition, to set aside a decision of the County approving the West Jensen Development.

Citizens, relying on *Tampa Bay Cab Co. v Yellow Cab Co., 446 So.2d 246 (Fla. 2d DCA 1984) and Brigham v Dade County, 305*

So.2d 756 (Fla. 1974), argues that putative intervenor lacks standing to assert its interest in the certiorari action. Resolution of this issue will, therefore, require a discussion of both the hybrid nature of common law certiorari and of proper, necessary and indispensable parties.

Common law certiorari is the appropriate remedy for the erroneous exercise of judicial or quasi-judicial power already exercised. Because the writ looks to the record of the inferior tribunal, it certainly is in the nature of an appellate proceeding. It is also an original proceeding in the sense that it is an original proceeding to review a prior adjudication directly. Thus, in the present case's posture the writ sought is not an original proceeding in which persons' rights are to be initially determined, but rather a proceeding to review completed administrative action. Thus, as the Supreme Court noted in *Brigham,*

> "In such situation it is not absolutely necessary that interested third parties be *joined* as respondents." (emphasis added)

*Id.* at 758. This is so because the true Respondent is the tribunal, in this instance, the County Commission. Therefore, prior law indicates that putative Intervenors are not indispensable to a determination of whether the writ should be issued, because this Court is limited to the record below and decides issues of law, not fact. Putative Intervenors, however, cite to the First District case of *Gregory v City of Alachua* as authority for their intervention in this case. *(See* FLW 2524, 2525 (Fla. 1st DCA, October 30, 1989)).

A close examination of *Brigham* indicates that the Supreme Court, in my view, dealt with only the issue of indispensable parties, as opposed to proper parties, in this instance. In *Brigham,* the Supreme Court merely held that the trial court erred in dismissing the petition for certiorari for failure ot *join* what it terms an indispensable third party, since in the Supreme Court's view "nothing in the appellate rules relating to appeals or to petitions for writs of certiorari", *id.* at 758, made that non-party indispensable. In my view, the instance case represents a conflict between the Second and First District.

In view of that conflict and the obvious interest of the Intervenor, essential fairness, the spirit of Rule 1.230 and judicial economy dictates that Intervenor be allowed to intervene in this action.

Said Intervention is, however, in subordination to the main action. Thus, Intervenor is required in all instances to comply with previous orders. IT IS SO ORDERED.

DONE AND ORDERED in Chambers, Stuart, Martin County, Florida, this 17th day of January, 1990.