670 So.2d 1046 (1996)
WESLEY GROUP HOME MINISTRIES, INC., a not-for-profit corporation, Appellant,
v.
CITY OF HALLANDALE, a Florida municipal corporation, Appellee.
No. 95-0969.
District Court of Appeal of Florida, Fourth District.
March 13, 1996.
Rehearing and Rehearing Denied April 24, 1996.
*1047 David S. Romanik of Romanik, Lavin, Huss & Paoli, Hollywood, for appellant.
Richard Kane of City Attorney for Hallandale, Hallandale, for appellee.
Rehearing and Rehearing En Banc Denied April 24, 1996.
GROSS, Judge.
Wesley Group Home Ministries, Inc. appeals the trial court's denial of its motion for attorney's fees under the Fair Housing Act. We reverse, because the certiorari proceeding below was the type of "civil action" for which Congress intended to allow attorney's fees to a party prevailing under the Act.
Wesley applied to appellee City of Hallandale for a zoning variance to allow a residential facility to accommodate six developmentally disabled adults. The City's planning and zoning board recommended approval of *1048 the variance. At a public hearing where potential neighbors of the proposed facility voiced opposition, the City Commission unanimously voted to deny the application.
Wesley filed a petition for writ of certiorari in the circuit court contending that the Commission's conduct contravened the Fair Housing Act, 42 U.S.C. §§ 3601-3631 (1994). Based on its review of the record at the hearing, the trial court issued a writ of certiorari finding that the City's zoning decision violated 42 U.S.C. § 3604(f)(1) & (f)(3)(B).[1] As the trial court stated:
The record clearly reflects that the decision of the City Commissioners to deny the variance was based upon, and made in an effort to appease, the discriminatory bias of the neighbors. Accordingly, discriminatory intent was present which constitutes a violation of the Fair Housing Act.
See United States v. Borough of Audubon, New Jersey, 797 F.Supp. 353, 360 (N.J.1991), affirmed, 968 F.2d 14 (3rd Cir.1992). Additionally, the trial court found that the City's failure to approve the variance violated the Fair Housing Act's requirement that a municipality make reasonable accommodation "through changes or exceptions in its zoning laws to afford handicapped persons the same opportunity to housing as non-handicapped persons." See Oxford House, Inc. v. Town of Babylon, 819 F.Supp. 1179, 1185-86 (E.D.N.Y.1993). The trial court quashed the City's denial of the variance and directed the City to take steps to grant a variance in a manner consistent with the rulings in its order. The City did not seek review of the trial court's decision.
As the prevailing party, Wesley moved for attorney's fees pursuant to 42 U.S.C. § 3613(a)(1)(A) & (c)(2), which provide in pertinent part:
§ 3613. Enforcement by private persons
(a) Civil action
(1)(A) An aggrieved person may commence a civil action in ... [a] State court not later than 2 years after the occurrence... of an alleged discriminatory housing practice ... to obtain appropriate relief with respect to such discriminatory housing practice ...
(c)(2) In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee and costs ...
The trial court denied the motion for attorney's fees, accepting the City's argument that it was without jurisdiction to award fees under Human Development of Erie, Inc. v. Zoning Hearing Board of Millcreek Township, 143 Pa.Cmwlth. 675, 600 A.2d 658 (1991), and North Carolina Department of Transportation v. Crest Street Community Council, Inc., 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986).
The issue here is whether the certiorari proceeding below was a "civil action" within the meaning of 42 U.S.C. § 3613(a). If it was, the trial court had the discretion to award attorney's fees.
The stated goal of the Fair Housing Act is to provide for "fair housing" by eliminating discriminatory housing practices. 42 U.S.C. § 3601. In 1988, Congress amended the Act to extend its protections to the handicapped. Fair Housing Amendments Act of 1988, Pub.L. No. 100-430, 102 Stat. 1619 (1988). Generally, the purpose of attorney's fee provisions in civil rights statutes is to encourage an individual injured by discrimination to act as a "private attorney general" and seek judicial relief on his own. See Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968); Hairston v. R & R Apartments, 510 F.2d 1090, 1092 (7th Cir. 1975). Analyzing private enforcement of civil rights laws under 42 U.S.C. § 1988[2], the Second Circuit has written:

*1049 [Congress] recognized that inadequate resources of the enforcement division of the executive branch prevented it from eradicating all civil rights abuses solely through the government's efforts. Shifting attorneys' fees enabled Congress to promote vigorous enforcement of its civil rights policies, while limiting the growth of the bureaucracy charged with its administration. Again, Congress was aware that victims of civil right violations usually are not wealthy people and "[t]he organizations who have helped them bring their cases are frequently not well financed." Donnell v. United States, 682 F.2d 240, 246 (D.C.Cir.1982), cert. denied, 459 U.S. 1204, 103 S.Ct. 1190, 75 L.Ed.2d 436 (1983) (quoting 122 Cong.Rec. 35127 (October 1, 1976) (remarks of Rep. Holtzman)) (emphasis added).
Wilder, 965 F.2d at 1203. Given the importance of private enforcement in the statutory framework constructed by Congress, attorney's fee provisions in civil rights cases should be interpreted broadly to facilitate and encourage enforcement of civil rights laws.[3]See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978) (In Title VII cases, a "prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances.").
42 U.S.C. § 3613 makes attorney's fees available in a "civil action"and that term should be construed to embrace situations where a plaintiff has secured a court order to obtain relief under the Act. By defining discrimination to include the "refusal to make reasonable accommodations in rules, policies, [and] practices", Congress anticipated that handicapped persons would use the zoning process to secure equal access to housing. 42 U.S.C. § 3604(f)(3)(B); See Oxford House, Inc. v. City of Virginia Beach, Virginia, 825 F.Supp. 1251, 1261 (E.D.Va. 1993). Where, as here, the case was not resolved at the political, zoning level, a petition for writ of certiorari was, under Florida law, a proper way to invoke the circuit court's jurisdiction and seek a remedy under the Act.[4]See City of Fort Pierce v. Dickerson, 588 So.2d 1080, 1082 (Fla. 4th DCA 1991); Cherokee Crushed Stone, Inc. v. City of Miramar, 421 So.2d 684, 685 (Fla. 4th DCA 1982). The trial court's writ of certiorari granted Wesley relief under 42 U.S.C. § 3613(c)(1). Under these circumstances, we hold that the certiorari proceeding below was a "civil action" within the meaning of 42 U.S.C. § 3613(a)(1)(A), so that the trial court was authorized to award attorney's fees under subsection (c)(2).
Crest Street, 479 U.S. 6, 107 S.Ct. 336, 93 L.Ed.2d 188, relied upon by the City, does not compel a different result. In that case, a party seeking relief under Title VI of the Civil Rights Act of 1964 negotiated a settlement at the administrative level, without having to file a lawsuit. The party then filed a court case seeking fees under 42 U.S.C. § 1988 for over 1,200 hours of legal work. The Supreme Court held that section 1988 allows fees only where there has been a court action to enforce listed civil rights laws, and not merely an action to recover fees for administrative proceedings involving those laws. Because the issue was not raised, the holding in Crest Street does not delineate civil actions which would trigger a court's *1050 discretion to allow attorney's fees under section 1988. The Supreme Court noted that the legislative history of the statute is "replete with references to the `enforcement of the civil rights statutes `in suits,' `through the courts' and by `judicial process.'" Id. at 12, 107 S.Ct. at 340 (quoting Webb v. Dyer County Board of Education, 471 U.S. 234, 241 n. 16, 105 S.Ct. 1923, 1928 n. 16, 85 L.Ed.2d 233 (1985) (quoting S.Rep. No. 94-1011, pp. 2, 6 (1976)). The case at bar is distinguishable from Crest Street because Wesley pursued a court action and obtained judicial relief under the Fair Housing Act. Unlike the plaintiff in Crest Street, Wesley's circuit court action was not limited to seeking fees for legal work done at the zoning level to negotiate compliance with the Act.
The main case relied on by the City, Human Development of Erie, Inc. v. Zoning Hearing Board of Millcreek Township, 600 A.2d at 658, erroneously and tortuously reasons that under Pennsylvania law an appeal of a zoning decision to a court is not a "lawsuit" required by Crest Street as a precondition for attorney's fees under section 1988 and the Fair Housing Act. As we have noted above, the Crest Street holding did not so drastically limit the type of court action required to allow an attorney's fee award. In civil rights laws, Congress uses the private attorney general concept as a vehicle for vindicating social policies of the highest priority. See Newman v. Piggie Park Enterprises, Inc., 390 U.S. at 402, 88 S.Ct. at 966. The Act may be enforced in any state court. The Act contemplates that handicapped persons may seek accommodations at the administrative, zoning level. Different states have different procedural rules for allowing a party to litigate the claim that a zoning body's action violated the Fair Housing Act. The Act should not be construed as in Human Development of Erie to allow a state court to limit the statute's enforcement by nitpicking at procedural terms under state law. In determining whether an action is a "civil action" under section 3616(a)(1)(A), the proper focus is not what procedural pathway a litigant used to obtain a court ruling, but whether it was necessary to resort to a court at all.
It appears from the record that the trial court did not reach the decision of whether or not to award attorney's fees under 42 U.S.C. § 3613(c)(2), because it believed that it did not have the authority to do so. We therefore remand to the trial court to consider whether attorney's fees should be awarded in this case pursuant to 42 U.S.C. § 3613(c)(2).
REVERSED AND REMANDED
GUNTHER, C.J., and STONE, J., concur.
NOTES
[1] 42 U.S.C. § 3604(f)(1) makes it unlawful to "discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap." 42 U.S.C. § 3604(f)(3)(B) provides that "discrimination includes ... a refusal to make reasonable accommodations in rules [or] policies ... when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."
[2] Using language similar to the statute here at issue, 42 U.S.C. § 1988 provides that a court has the discretion to allow the prevailing party a reasonable attorney's fee in any "action or proceeding" to enforce certain enumerated civil rights laws. Section 1988 is "analyzed in the same manner as other similarly worded fee-shifting statutes." Wilder v. Bernstein, 965 F.2d 1196, 1201 (2nd Cir.), cert. denied sub nom. Administrator, New York City Dep't of Human Resources v. Abbott House, 506 U.S. 954, 113 S.Ct. 410, 121 L.Ed.2d 335 (1992).
[3] For example, the express intent of the Florida Legislature is that the attorney's fee provision of the Florida Civil Rights Act of 1992 "be interpreted in a manner consistent with federal case law involving a Title VII action." § 760.11(5) Fla.Stat. (1995). Recognizing the importance of private enforcement of civil rights legislation, federal courts favor a "liberal construction" of Title VII's attorney's fee provision. See Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 716 (5th Cir.1974); Copeland v. Marshall, 594 F.2d 244, 249 (D.C.Cir.1978).
[4] Although not controlling in this case, the Florida Rules of Civil Procedure classify the proceeding in the trial court as a "civil action." The certiorari action travelled under Florida Rule of Civil Procedure 1.630. The civil rules "apply to all actions of civil nature". Fla.R.Civ.P. 1.010. Rule 1.040 states that "[t]here shall be one form of action to be known as `civil action.'"