728 So.2d 1197 (1999)
The CITY OF ST. PETERSBURG, BOARD OF ADJUSTMENT, Petitioner,
v.
Dan MARELLI, Marilyn Dewey, William and Sharon Kadow, Lawrence and Lynn Kendrick, and Elizabeth Doerr, Respondents.
No. 98-04121.
District Court of Appeal of Florida, Second District.
March 12, 1999.
*1198 Michael S. Davis, City Attorney, and Deborah Glover-Pearcey, Assistant City Attorney, St. Petersburg, for Petitioner.
Richard P. Hirtreiter, St. Petersburg, for Respondents.
PER CURIAM.
The Board of Adjustment (Board) of the City of St. Petersburg filed a petition for writ of certiorari requesting this court to review a grant of certiorari by the circuit court in a zoning variance matter. The property owner for whom the variance was granted, Compro Corporation, has filed a motion to intervene as an indispensable party in this action. Both the petition for certiorari and the motion to intervene are denied.
In 1995 the Board granted a parking variance that would enable Compro Corporation to put a laundromat and restaurant in a recently purchased building. The city code required fourteen parking spaces for this use, but the Board granted a variance to permit Compro Corporation to provide just seven spaces.
Neighboring property owners timely filed a petition for writ of certiorari in the circuit court challenging the Board's decision. The petition was granted by order entered September 28, 1998. The circuit court found that the decision of the Board was not supported by competent, substantial evidence. The court found that no competent evidence supported an essential criterion for granting a variance, i.e., that refusal to grant the variance would deprive the owner of reasonable use of its property.
The circuit court applied the proper standard for certiorari review of an administrative action set out in Haines City Community Development v. Heggs, 658 So.2d 523, 530 (Fla.1995). The court considered: 1) whether the agency action afforded the parties procedural due process; 2) whether the essential requirements of law were observed; and, 3) whether the agency action is supported by competent, substantial evidence.
This court may review only "whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Id. In its petition, the Board challenges the court's finding that no competent, substantial evidence supported the required finding that without the variance the owner would be deprived of reasonable use of its property. However, the Board has not identified any denial of procedural due process or incorrect application of the law by the circuit court. Instead, the Board is asking this court to review the circuit court's interpretation of the evidence and its application of the term "reasonable."
The Board and Compro Corporation also challenge the omission of the property owner, Compro Corporation, as a party to the litigation. This challenge is without merit. In Brigham v. Dade County, 305 So.2d 756 (Fla.1974), the court found that a party challenging an administrative action concerning a zoning regulation change need not join the affected property owner as a respondent in a petition for writ of certiorari. Consequently, Compro Corporation is not an indispensable party to this action.
The Board questions the standing of the neighboring property owners to bring this action. A multitude of cases recognize that neighboring property owners affected by zoning changes have standing to challenge the changes. See Rinker Materials Corp. v. Metropolitan Dade County, 528 So.2d 904 (Fla. 3d DCA 1987), and cases cited therein.
*1199 Petition denied, and motion to intervene denied.
CAMPBELL, A.C.J., and BLUE and GREEN, JJ., Concur.