744 So.2d 1242 (1999)
WINGROVE ESTATES HOMEOWNERS ASSOCIATION, et al., Petitioners,
v.
PAUL CURTIS REALTY, INC. and Orange County, Florida, Respondents.
No. 99-1791.
District Court of Appeal of Florida, Fifth District.
November 19, 1999.
Kevin Knight and Daniel F. Mantzaris of Drage, deBeaubien, Knight, Simmons, Mantzaris & Neal, Orlando, for Petitioners.
Darryl M. Bloodworth of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando and Janet M. Courtney and Hal H. Kantor of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Respondent Paul Curtis Realty, Inc.
*1243 Joseph L. Passiatore, Senior Assistant County Attorney and Vivien J. Monaco, Assistant County Attorney, Orange County Attorney's Office, Orlando, for Respondent Orange County.
COBB, J.
Two homeowner associations, Wingrove Estates and Winderlakes, seek certiorari review by this court in respect to a denial by an appellate division of the Orange County Circuit Court of the Associations' attempt to intervene in regard to a matter pending before the circuit court. That matter is an alternative petition for either mandamus or certiorari review filed by a developer, Paul Curtis Realty, seeking to quash a county commission decision to deny a commercial development plan for some 16 acres of property in Orange County. The development plan, known as the Grand Oaks Village P-D, includes the proposed construction of a gas station and other commercial enterprises.
The Orange County Development Review Committee recommended that the County Commission deny the Grand Oaks Village P-D. At the time the proposal was considered by the County Commission, representatives for both the developer and the two neighboring homeowner associations addressed the commission, which ultimately voted to deny the plan. The developer then filed petitions for mandamus and certiorari review of the county's action in the circuit court. The two neighborhood associations filed a motion to intervene in those proceedings, and the summary denial of that motion resulted in their petition to this court.[1]
The Associations argue that their residents, who border or are in close proximity to the proposed development, would definitely be affected and point to the fact that Orange County, the respondent herein, has no objection to their intervention. The Associations also argue that numerous cases hold that neighboring property owners affected by zoning changes have standing to challenge those changes. See e.g., City of St. Petersburg Board of Adjustment v. Marelli, 728 So.2d 1197 (Fla. 2d DCA 1999); National Wildlife Federation, Inc. v. Glisson, 531 So.2d 996 (Fla. 1st DCA 1988); Rinker Materials Corp. v. Metropolitan Dade County, 528 So.2d 904 (Fla. 3d DCA 1987). Curtis, on the other hand, contends that the interests of the Associations can be protected by Orange County, that the Associations may inject new issues into the litigation, and that, in any event, intervention is discretionary with the lower court.
We cannot agree that the discretion of the lower court in this matter is absolute. In the leading case on this issue, Union Cent. Life Insurance Company v. Carlisle, 593 So.2d 505 (Fla.1992), the supreme court, while acknowledging that intervention is discretionary, held that the trial court in that case abused its discretion in not allowing an insured to intervene. This appears to be because there are circumstances in which equitable considerations require the court to allow intervention. See Blue Cross of Florida, Inc. v. O'Donnell, 230 So.2d 706 (Fla. 3d DCA 1970); O'Connell v. Rabin, 596 So.2d 1299 (Fla. 3d DCA 1992); Florida Wildlife Federation, Inc. v. Board of Trustees of Internal Imp., 707 So.2d 841 (Fla. 5th DCA 1998).
The Associations also rely upon Marelli, which involved a zoning variance matter. After the variance was granted, the city board of adjustment petitioned for a writ of certiorari from the circuit court. The property owner, for whom the variance was granted, filed a motion to intervene as an indispensable party. The Second District held that: (1) the property owner was not an indispensable party; but (2) the neighboring property owners had standing to challenge the zoning variance. The opinion states:

*1244 The Board questions the standing of the neighboring property owners to bring this action. A multitude of cases recognize that neighboring property owners affected by zoning changes have standing to challenge the changes. See Rinker Materials Corp. v. Metropolitan Dade County, 528 So.2d 904 (Fla. 3d DCA 1987), and cases cited therein.
728 So.2d at 1198.
Rinker Materials analyzes the matter further:
In considering whether a property owner has standing because its interests have been adversely affected, a court is to consider "the proximity of [its] property to the area to be zoned or rezoned, the character of the neighborhood, ... and the type of change proposed." Renard, 261 So.2d at 837; see Paragon Group, Inc. v. Hoeksema, 475 So.2d 244, 246 (Fla. 2d DCA 1985), review denied, 486 So.2d 597 (Fla.1986). If Rinker could have demonstrated that the commission's action had adversely affected the value of its property interests, which surely represents a legally recognizable interest, cf. Yarbrough v. Villeneuve, 160 So.2d 747 (Fla. 1st DCA 1964) (although revocable license confers no vested rights in a constitutional sense, it does amount to property in a commercial sense), it would have established that it had standing to pursue its suit. Cf. Renard, 261 So.2d at 832 (re-zoning of petitioner's neighbor's adjoining property from industrial to residential use conferred standing upon petitioner to challenge validity of zoning action as unreasonable because it adversely affected her legally recognizable interests by increasing her setback requirements); Hoeksema, 475 So.2d at 244 (owner of single family home directly across from land re-zoned for apartment and condominium buildings had been affected by zoning and hence had standing to bring action questioning interpretation of zoning ordinance); Elwyn v. City of Miami, 113 So.2d 849 (Fla. 3d DCA) (property owners whose property values would be adversely affected by variance granted to adjacent property owner had standing to challenge the validity of the granted variance), cert. denied, 116 So.2d 773 (Fla.1959), approved Renard, 261 So.2d at 832. Since the trial court improperly prevented Rinker from presenting expert testimony concerning the effect the ordinance had on the value of its interests, its decision that Rinker's legally recognizable property interests were not adversely affected and, therefore, that Rinker lacked standing, was erroneous.
528 So.2d at 906-07.
We are not persuaded by the developer's argument that new matters may be injected into the litigation if intervention is allowed. The issues that concern the prospective interveners are the same as those that are in dispute between the County and the developer. See Sweetwater Country Club v. Huskey Co., 613 So.2d 936 (Fla. 5th DCA 1993). Moreover, the Associations are on record in their brief expressing their intention to accept the records and pleadings as they find them consistent with the opinion in Glisson, supra.
Accordingly, we grant the petition, and issue the writ quashing the order of the circuit court so as to permit intervention.
PETITION GRANTED; WRIT ISSUED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Certiorari review is appropriate. See, e.g., Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995); Education Development Center, Inc. v. City of West Palm Beach Zoning Bd. of Appeals, 541 So.2d 106 (Fla. 1989).