GREEN, OLIVER L., Senior Judge.
The petitioners seek certiorari review of the circuit court’s order dismissing their petition with prejudice for failing to join U.S. Home as an indispensable party. Because we conclude that the circuit court failed to apply the correct law, we grant the certiorari petition and quash the order.
This action arises out of an application for rezoning filed by U.S. Home. Following the approval of U.S. Home’s application by the Lee County Board of County Commissioners (BOCC), the petitioners sought to have the BOCC’s decision overturned by filing a petition for writ of cer-tiorari in the circuit court naming Lee County as the only respondent. U.S. Home filed a notice of appearance and moved to dismiss the petition contending that it was an indispensable party required to be named in the proceeding. U.S. Home made this argument despite the fact that it had notice of the petition.
The petitioners, citing Brigham v. Dade County, 305 So.2d 756 (Fla.1974), Pleasures II Adult Video, Inc. v. City of Sarasota, 833 So.2d 185 (Fla. 2d DCA 2002), and City of St. Petersburg Board of Adjustment v. Marelli, 728 So.2d 1197 (Fla. 2d DCA 1999), argued that U.S. Home was not an indispensable party to the circuit *523 court’s review proceeding. Having no objection to U.S. Home’s participation in the circuit court proceeding, however, the petitioners moved to amend their petition to add U.S. Home as a respondent. U.S. Home and Lee County objected, arguing that such an amendment was untimely. The circuit court agreed finding that an amended petition would be “contrary to the provisions of section 59.081, Florida Statutes (2003), which mandates that the failure to invoke the jurisdiction as specified in the rules adopted by the supreme court shall divest the court of jurisdiction to review such cause.”
In this second-tier certiorari proceeding, this court’s review is limited to determining whether the circuit court afforded the petitioners procedural due process and whether it applied the correct law. Miami-Dade County v. Omnipoint Holdings, Inc., 863 So.2d 195 (Fla.2003); Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995). In dismissing the petition, the circuit court agreed with U.S. Home that it was an indispensable party. The circuit court found that the failure of the original petition to comply with Florida Rule of Appellate Procedure 9.100(b), which provides that all parties to a proceeding seeking review of a lower tribunal’s order “who are not named as petitioners shall be named as respondents,” divested it of jurisdiction to review the action. (Emphasis added). The circuit court’s finding was erroneous in two respects. First, the court applied the incorrect law. Case law clearly establishes that a property owner affected by a zoning regulation change is not an indispensable party to a review of that administrative action. See Brigham, 305 So.2d at 758; Marelli, 728 So.2d at 1198. Second, rule 9.100(b) does not apply to this case.
This extraordinary proceeding is governed by Florida Rule of Civil Procedure 1.630. See also Fla. R.App. P. 9.100(f). The only provision in rule 1.630 which addresses the issue of parties to an action is in subsection (b)(3), which states, “[t]he caption shall show the action filed in the name of the plaintiff in all cases.” There is no such language regarding the naming of a defendant. Thus, the fact that the petition did not name U.S. Home as a defendant in the action did not subject the petition to dismissal.[1]
Accordingly, we grant the petition and quash the order.
FULMER, C.J., and SILBERMAN, J„ Concur.

. We note that although rule 1.630 is specifically designed to address matters unique to an appellate proceeding at the trial court level, its provisions are not inconsistent with the appellate rules which, even if applicable, would have afforded U.S. Home no relief. Florida Rule of Appellate Procedure 9.020(g)(4) defines a “respondent” as “[e]very other party in a proceeding brought by a petitioner.” By participating in the proceeding before the BOCC, U.S. Home automatically became a respondent in the action seeking review of that decision in the circuit court. See Millar Elevator Serv. Co. v. McGowan, 804 So.2d 1271 (Fla. 2d DCA 2002) (holding that the substance of the caption in a notice of appeal is not dispositive of the parties on appeal; all parties aligned in the trial court with an appealing party automatically become appellees if they are not named in the notice of appeal); Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A. v. Mullin, 602 So.2d 956 (Fla. 3d DCA 1992) (holding that a party who appears in a proceeding before a subordinate tribunal is a party for purposes 'of review of that order). Thus, while U.S. Home was a party because it appeared and participated in the proceeding before the BOCC, the fact that it was not named as a respondent in the petition did not subject the petition to dismissal for failure to join an indispensable party.