PER CURIAM.
 

 Superior Fence & Rail of North Florida, Inc. and Christopher Johnson seek certio-rari review of the trial court’s order denying their motion to intervene in a landlord-tenant dispute. As explained hereafter, we treat their petition as a direct appeal of a final order and affirm.
 
 See
 
 Fla. R.App. P. 9.110(k);
 
 In re S.N.W.,
 
 912 So.2d 368, 370 (Fla. 2d DCA 2005).
 

 The allowance of intervention is subject to the trial court’s discretion.
 
 See Allstate Ins. Co. v. Johnson,
 
 483 So.2d 524, 525 (Fla. 5th DCA 1986). Intervention is appropriate only when the intervenor has a direct and immediate interest in the litigation such that the intervenor “will either gain or lose by the direct legal
 
 *105
 
 operation and effect of the judgment.”
 
 Harbor Specialty Ins. Co. v. Schwartz,
 
 932 So.2d 383, 386 (Fla. 2d DCA 2006) (quoting
 
 Union Cent. Life Ins. Co. v. Carlisle,
 
 593 So.2d 505, 507 (Fla.1992)). Having carefully reviewed the record, we find no error in the trial judge’s determination that Superior and Johnson have no direct and immediate legal interest in the underlying litigation.
 

 We take this opportunity to clarify deci-sional law from this Court regarding whether the denial of a motion to intervene is reviewed by certiorari or appeal. In at least two cases,
 
 In re J.S.,
 
 404 So.2d 1144 (Fla. 5th DCA 1981), and
 
 Grudzinski v. Voyer,
 
 654 So.2d 675 (Fla. 5th DCA 1995), we reviewed the denial of a motion to intervene by certiorari. However, in
 
 Hart v. Atlantic International Investment Corp.,
 
 513 So.2d 768 (Fla. 5th DCA 1987), and
 
 Vanguard, Insurance Co. v. Townsend,
 
 544 So.2d 1153 (Fla. 5th DCA 1989),
 
 receded from on other grounds by Allstate Insurance Co. v. Conde,
 
 595 So.2d 1005 (Fla. 5th DCA 1992), we reviewed such denials by appeal.
 

 We believe that an order denying a motion to intervene is appealable as a matter of right, by plenary appeal, because the order constitutes a final determination of the proceeding as to the parties seeking to intervene.
 
 In re S.N.W.,
 
 912 So.2d at 370;
 
 J.R. v. R.M.,
 
 679 So.2d 64, 65 n. 1 (Fla. 4th DCA 1996); see
 
 also City of Dania v. Broward County,
 
 658 So.2d 163, 164 (Fla. 4th DCA 1995);
 
 Citibank N.A. v. Blackhawk Heating & Plumbing Co.,
 
 398 So.2d 984, 986 (Fla. 4th DCA 1981). We recede from our prior case law holding that the denial of a motion to intervene is reviewable by certiorari. Instead, we hold that the denial of a motion to intervene is reviewable by appeal.
 
 [1]
 

 AFFIRMED.
 

 MONACO, C.J., GRIFFIN, SAWAYA, PALMER, ORFINGER, TORPY, LAWSON, EVANDER, COHEN and JACOBUS, JJ., concur.
 

 [1]
 

 . Conversely, an order granting intervention is necessarily interlocutory and can only be reviewed by certiorari.
 
 In re J.P.,
 
 12 So.3d 253, 254 (Fla. 2d DCA 2009).