LAWSON, J.
 

 Highwoods DLF EOLA, LLC, (“High-woods”), appeals an order denying its motion for leave to intervene. We agree that the lower court abused its discretion in failing to recognize Highwoods as a party in the case, and reverse.
 

 Highwoods is a Delaware limited liability company, which owns real property located at 200 East Robinson Street, in Orlando, Florida, (“Highwoods’ Property”). Highwoods’ Property is part of an existing master plan comprised of several parcels of land known as the Eola Park Centre Master Plan, approved by the City of Orlando several years ago. In 2007, High-woods applied to the City for a master plan amendment so that it could build a forty-two story mixed-use, high-rise building on its property.
 

 Condo Developer, LLC, (“Condo Developer”), a Florida limited liability company, owns a multifamily residential high-rise building called “The Vue,” which is located across the street and to the west of High-woods’ property. If Highwoods is allowed to build the proposed forty-two story highrise on its property, the new building would block a portion of the view, from The Vue, of downtown Orlando’s Lake Eola and Lake Eola Park. Condo Developer objected to Highwoods’ requested master plan amendment in quasi-judicial proceedings before the City.
 

 Ultimately, the City approved High-woods’ requested master plan amendment, and Condo Developer challenged the City’s decision in circuit court, in the case below, by filing a petition for writ of certiorari pursuant to the Florida Rules of Appellate Procedure.
 
 See
 
 Fla. R.App. P. 9.190(b)(3) (“Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act shall be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.”);
 
 see also, Board of County Comm’rs v. Snyder,
 
 627 So.2d 469, 474-75 (Fla.1993) (quasi-judicial land use proceeding properly reviewable by petition for certiorari).
 

 Florida Rule of Appellate Procedure 9.100(b) dictates that when a party files a certiorari petition to challenge a quasi-judicial land use proceeding, as Condo Developer did here, “all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.” As the applicant in the proceeding before the City, Highwoods was obviously a party to the proceeding below, and should have been named in the petition as a respondent.
 
 Id.
 
 We also note that Highwoods actively participated as a party, at all stages of the quasi-judicial proceeding that resulted in the order challenged in Condo Developer’s petition. When Condo Developer filed its petition naming only the City as a respondent, the City sent a courtesy copy to Highwoods.
 
 *572
 
 Highwoods first filed a motion to dismiss for failure to include Highwoods as an indispensible party under rule 9.100(b). When the circuit court denied that motion, Highwoods then filed its motion to intervene,
 
 see
 
 Fla. R. Civ. P. 1.230 (“Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention .... ”), which the circuit court also denied. This appeal followed.
 

 We see no legal basis for the circuit court’s denial of Highwoods’ motion to intervene, in light of the plain language of rule 9.100(b). In addition, Highwoods meets the long-standing test for intervention set forth in
 
 Morgareidge v. Howey,
 
 75 Fla. 234, 78 So. 14, 15 (1918): “[T]he interest which will entitle a person to intervene ... must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.” In this case, Condo Developer seeks to quash the order granting Highwoods’ requested master plan amendment, and allowing Highwoods to develop its property in accordance with its plans. As such, it is Highwoods which will be most directly affected — which most directly stands to “gain or lose” — by the outcome of Condo Developer’s certiorari proceeding.
 

 Despite Highwoods’ citation to rule 9.100(b), the circuit court was persuaded in its decision by Condo Developer’s argument that Highwoods was not an indispensable party by virtue of the holdings in
 
 Brigham v. Dade County,
 
 305 So.2d 756 (Fla.1974);
 
 Concerned Citizens of Bayshore Community v. Lee County,
 
 923 So.2d 521 (Fla. 2d DCA 2005); and
 
 City of St. Petersburg, Bd. of Adjustment v. Marelli,
 
 728 So.2d 1197 (Fla. 2d DCA 1999).
 

 In
 
 Brigham,
 
 the Florida Supreme Court held that a property owner and zoning change applicant was not an indispensable party to a certiorari action filed to challenge a county’s approval of the applicant’s requested zoning change. The Court reached this result, in part, because “nothing in the appellate rules relating to appeals or to petitions for writs of certiorari requir[ed] joinder of [the original applicant]” as a party to the certiorari case.
 
 Id.
 
 at 758. It was later that the Court amended rule 9.100(b) to add the requirement “that all parties in the lower tribunal be named as either petitioners or respondents,”
 
 In re Amendments to Florida Rules of Appellate Procedure,
 
 609 So.2d 516, 517 (Fla.1992), and then to make this requirement expressly applicable to certio-rari actions like the one initiated by Condo Developer below.
 
 Amendments to the Florida Rules of Appellate Procedure,
 
 685 So.2d 773 (Fla.1996);
 
 Amendment to Florida Rule of Appellate Procedure 9.020(a) and Adoption of Florida Rule of Appellate Procedure 9.190,
 
 681 So.2d 1132 (Fla.1996). Because the Florida Supreme Court made these changes to the appellate rules after deciding
 
 Brigham,
 
 and the rule changes expressly dictate a different result,
 
 Brigham
 
 is no longer controlling on this point.
 

 In
 
 Marelli,
 
 the Second District addressed a case in which a property owner, Compro Corporation, had successfully applied to the City of St. Petersburg for a zoning variance, but was then not allowed to participate in a circuit court certiorari action filed by neighboring property owners to challenge the zoning variance granted for Compro’s property. The court stated that it found no merit to the argument that Compro should have been included as a party in the certiorari proceeding, simply citing to
 
 Brigham. Id.
 
 at 1198. Nowhere in the
 
 Marelli
 
 decision does the court reference the rule changes that should have dictated a different result, so it is not clear
 
 *573
 
 that the applicable appellate rules were brought to that court’s attention.
 

 In
 
 Concerned Citizens,
 
 the Second District quashed a circuit court order that dismissed a certiorari petition challenging a county zoning order. The circuit court had dismissed the petition, with prejudice, because the petitioners failed to name the land owner who had requested the zoning change, U.S. Home, as a party. The Second District held that U.S. Home was not an indispensable party to the action, again citing to
 
 Brigham. Id.
 
 at 523. The court, however, also ruled that rule 9.100(b), requiring “that all parties in the lower tribunal be named as either petitioners or respondents,” did not apply to the certiorari action.
 
 Id.
 
 We do not understand the basis for this ruling, given the plain language of the applicable rules. But, the court then went on to alternatively hold that even if the appellate rules did apply, the certiorari petition should not have been dismissed with prejudice for failure to name U.S. Home as a party since the rules would have automatically made U.S. Home a respondent, even if the petitioner had failed to name U.S. Home as a respondent on the face of its petition.
 
 Id.
 
 at 523 n. 1.
 

 We agree with Highwoods that
 
 Concerned Citizens,
 
 as a dismissal case, is distinguishable from our case, in which Highwoods was simply seeking to be recognized as a party so that it could meaningfully participate in the certiorari appeal of its zoning decision. But, to the extent that either
 
 Marelli
 
 or
 
 Concerned Citizens
 
 can be read as holding that an applicant for a zoning change affecting its property, who participates as a party in quasi-judicial proceedings before a local governmental body, can then be barred from participating in a certiorari appeal of its own case, we would disagree with those cases, and would conflict with them.
 
 Also cf. Wingrove Estates Homeowners Ass’n v. Paul Curtis Realty,
 
 744 So.2d 1242 (Fla. 5th DCA 1999) (holding that it was an abuse of discretion to deny intervention by two neighboring homeowner associations, which had sought to intervene in a circuit court certiorari appeal regarding the denial of a commercial development plan for nearby property).
 

 Finally, we note that Condo Developer attacks Highwoods’ appeal from the denial of its intervention motion on grounds that Highwoods should have challenged the decision by filing a petition for writ of certiorari in our court. We recognized that our court did review the denial of a petition to intervene under similar circumstances in
 
 Wingrove Estates.
 
 However, that case was initially filed as a cer-tiorari case, and it does not appear that the panel considered the issue of whether a direct appeal was authorized. Earlier this year, our
 
 en banc
 
 court, in
 
 Superior Fence & Rail of North Florida v. Lucas,
 
 35 So.3d 104, 105 (Fla. 5th DCA 2010), “[took the] opportunity to clarify decisional law from this court regarding whether the denial of a motion to intervene is reviewed by certiorari or appeal.” We unanimously concluded that “an order denying a motion to intervene is appealable as a matter of right, by plenary appeal, because the order constitutes a final determination of the proceeding as to the parties seeking to intervene.”
 
 Id.
 
 at 105 (citations omitted). Although we neglected to specifically identify
 
 Wingrove Estates
 
 in the
 
 Superior Fence
 
 en banc decision, we did “recede from our prior case law holding that the denial of a motion to intervene is renewable by certiorari ... [and instead held] that the denial of a motion to intervene is reviewable by appeal.”
 
 Id.
 

 [1]
 

 
 *574
 
 Accordingly, we reject Condo Developer’s argument that the order below is not appealable, reverse the order, and remand with directions that Highwoods’ motion be granted and that Highwoods be allowed to fully participate in the certiorari proceeding as a respondent.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 MONACO, C.J., and PALMER, J., concur.
 

 [1]
 

 . There is no question that we have jurisdiction to review the trial court’s denial of High-
 
 *574
 
 woods’ intervention motion, either under our appeal jurisdiction or certiorari jurisdiction.
 
 See
 
 Fla. R.App. P. 9.030(b). And, we would reach the same result either way.
 
 Cf. Wingrove Estates.
 
 Having just undertaken the effort in
 
 Superior Fence
 
 to clarify that the denial of a motion to intervene should be reviewed using our appeal jurisdiction, we aré not inclined to interject confusion by recognizing an exception for cases where the final decision on the merits will come to us, if at all, by second tier certiorari. While we recognize that "final orders of circuit courts acting in their review capacity” fall within our certiorari jurisdiction, Fla. R.App. P. 9.030(b)(2)(B), the decision to deny High-woods’ motion to intervene was not a review decision by the circuit court. Highwoods had fully participated as a party in the quasi-judicial proceedings before the City, and no one argues that the City should have barred Highwoods from that proceeding. Therefore, the rationale for using the more deferential standard designed for second-tier review does not apply here,
 
 see, e.g., Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523 (Fla.1995) ("As the case travels up the judicial ladder, review should consistently become narrower, not broader.”), where it is the circuit court's original decision (never before subjected to judicial review), that is being challenged.
 
 Cf. Wesley Group Home Ministries, Inc. v. City of Hallandale,
 
 670 So.2d 1046 (Fla. 4th DCA 1996) (direct appeal of original attorneys’ fee decision made by circuit court in certiorari case).