NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CERTIFIED WINDSHIELD, LLC,　　　　　)
a/a/o French Lanham,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　　Case No. 2D18-1858
　　　　　　　　　　　　　　　　　　　)
GEICO GENERAL INSURANCE CO.,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　　　　)
_____)

Opinion filed December 19, 2018.

Petition for Writ of Certiorari to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; sitting in its appellate
capacity.

Michael V. Laurato of Austin & Laurato,
P.A., Tampa; Raymond T. Elligett, Jr. and
Amy S. Farrior of Buell & Elligett, P.A.,
Tampa; and Anthony T. Prieto of Morgan
& Morgan, P.A., Tampa, for Petitioner.

Leah Ward Sears, John P. Marino, and
Lindsey R. Trowell of Smith, Gambrell &
Russell, LLP, Jacksonville, for Respondent.


SALARIO, Judge.

　　　　　This proceeding was initiated by the filing of a petition for writ of certiorari.

Certified Windshield, LLC seeks review of the circuit court's order denying its motion for

attorney's fees under section 627.428, Florida Statutes (2017), in a consolidated appeal

of five county court cases reviewed by the circuit court acting in its appellate capacity. Normally, reviews of appellate circuit court opinions proceed under this court's second-tier certiorari jurisdiction. See Fla. R. App. P. 9.030(b)(2)(B). Here, however, we are not reviewing the circuit court's disposition of an appeal from an order of the county court. The fee motions filed with the circuit court were made in and originally decided by the circuit court. As the authorities discussed below show, our review of the circuit court's order disposing of those motions is by means other than second-tier certiorari.

The authorities addressing whether this kind of fee order should be reviewed by way of first-tier certiorari or, alternatively, under our appellate jurisdiction as a direct appeal, however, are conflicting. Compare Hallandale Chiropractic Ctr. v. United Auto. Ins. Co., 79 So. 3d 868, 868 (Fla. 4th DCA 2012) (addressing the matter by way of first-tier certiorari), and Comprehensive Health Ctr., LLC v. United Auto. Ins. Co., 99 So. 3d 525, 525 n.1 (Fla. 3d DCA 2011) ("A petition for a writ of certiorari is the proper vehicle for review of the circuit court appellate division's denial of appellate attorney's fees."), with Massagee v. MGA Ins. Co., 128 So. 3d 871, 871-72 (Fla. 5th DCA 2013) ("Because Massagee is asking this court to review only the circuit court's denial of his appellate attorney's fees motion, the circuit court's order is properly reviewed by way of direct appeal, not by collateral petition. . . . [T]he circuit court's order denying Massagee's request for appellate attorney's fees constituted an 'original decision' which had 'never before [been] subjected to judicial review.' " (second alteration in original) (citation omitted) (quoting Highwoods DLF EOLA, LLC v. Condo Developer, LLC, 51 So. 3d 570, 573 n.1 (Fla. 5th DCA 2010))). But cf. City of Miami Beach v. Deutzman, 180 So. 3d 245, 245-46 (Fla. 3d DCA 2015) ("The order was the first ruling on the question of attorneys' fees. Properly viewed, our proceeding is not the

second, but rather the first tier of appellate review.").  The decision as to which form of jurisdiction is applicable can be outcome determinative because it dictates whether we review the circuit court's order under (from the perspective of the party seeking relief) the more demanding certiorari standard or the more forgiving standards applied under our appellate jurisdiction.  Compare Country Place Cmty. Ass'n v. J.P. Morgan Mortg. Acquisition Corp., 51 So. 3d 1176, 1179 (Fla. 2d DCA 2010) (reviewing attorney's fees order on direct appeal de novo with respect to statutory and contract interpretation questions and otherwise for abuse of discretion), with DeLoach v. Aird, 989 So. 2d 652, 654 (Fla. 2d DCA 2007) (requiring, among other things, a departure from the essential requirements of law to obtain certiorari relief).

In this case, however, the questions of what jurisdictional mechanism applies and, as a result, what standards apply are academic.  We have some form of jurisdiction to consider the circuit court's order.  And the trial court's order was correct because Certified Windshield did not prevail on appeal in the circuit court and is therefore not entitled to fees under section 627.428 as a matter of law.  See Brass & Singer, P.A. v. United Auto. Ins. Co., 944 So. 2d 252, 254 (Fla. 2006) ("[U]nder the plain language of section 627.428(1), an appellate court may not award attorney's fees to an insured unless the insured prevails on appeal.").  No matter what standard is applied, then, Certified Windshield is not entitled to relief in this court.  For purposes of disposing of the case, we treat the matter as a certiorari proceeding without addressing the jurisdictional issue, because that is how Certified Windshield filed the case in this court.  Because the trial court was right on the merits, there was no departure from the essential requirements of law, and we deny the petition.

Denied.

KELLY, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE,  Concur.