ORFINGER, J.
Julio E. Gil de Lamadrid ("Petitioner") seeks certiorari review of two orders. The first order granted, in part, Bowles Custom Pools and Spas, Inc.'s ("Bowles") second amended motion to intervene. This order is reviewable by certiorari. Fla. R. App. P. 9.030(b)(2)(A) ; Superior Fence & Rail of N. Fla. v. Lucas, 35 So.3d 104, 105 n.1 (Fla. 5th DCA 2010). The second order denied Petitioner's motion to disqualify Bowles's counsel, which we review as a nonfinal appeal. See Fla. R. App. P. 9.130(a)(3)(E). We grant the petition for writ of certiorari and quash the order granting intervention. However, we dismiss the nonfinal appeal of the second order, as that issue is now moot.
In September 2013, a court in Puerto Rico issued a judgment dissolving the marriage between Petitioner and Matilde De Jesus Rivera a/k/a Matilde Gil de Lamadrid ("Former Wife"). In December 2016, the Puerto Rico court issued a judgment regarding the division of property. As part of the division of property, Petitioner received real property located in Orlando, Florida ("Orange County Property"). In August 2017, Petitioner sought to domesticate the foreign judgment pursuant to sections 55.501 - 55.509, Florida Statutes (2017), the Florida Enforcement of Foreign Judgments Act ("FEFJA"), to "eliminate [Former Wife's] name as co-owner of the real estate located [in] ... Orlando, Fl ... and order the property registry to make the appropriate annotation."[1] Former Wife did not contest the domestication of the foreign judgment. However, Bowles moved to intervene in the domestication *847 action to "prevent perpetration of frauds on the court and dissipation of assets subject to intervenor's judgment liens." Bowles alleged that in 2008, it obtained a county court judgment against Petitioner and Former Wife.
Before ruling on Bowles's motion to intervene, the circuit court granted Petitioner's petition to domesticate the foreign judgment and ordered that the judgment dividing the property be enforceable as a Florida judgment. Bowles then moved to vacate the domesticated judgment, arguing that its final judgment had attached to Former Wife's share of the Orange County Property and that the notice of petition to domesticate was never served on Former Wife.[2] The circuit court granted Bowles's motion, vacated the judgment domesticating the foreign judgment, and granted, in part, Bowles's second amended motion to intervene "to the extent necessary to protect its interest in the county court judgment obtained in case number 48-2003-CC-1680-O."
Certiorari lies to review an interlocutory order granting a motion to intervene. Lucas, 35 So.3d at 105 n.1 ; In re J.P., 12 So.3d 253, 254 (Fla. 2d DCA 2009). To obtain certiorari relief from an erroneous interlocutory order, a petitioner must demonstrate that (1) the order departs from the essential requirements of law and (2) causes irreparable harm that cannot be corrected on final appeal. See J.B.J. Inv. of S. Fla., Inc. v. Maslanka, 163 So.3d 726, 727-28 (Fla. 5th DCA 2015).
Intervention is permitted for a party claiming an interest in "pending litigation." The right to intervene is limited after a final judgment has been entered. Generally, it is too late to seek intervention after a final judgment has been entered. Tech. Chems. & Prods., Inc. v. Porchester Holdings, Inc., 748 So.2d 1090, 1091 (Fla. 4th DCA 2000). Here, Bowles did not seek to intervene in the Puerto Rico dissolution proceedings prior to the entry of the judgment. Therefore, Bowles cannot intervene for the first time in a petition to domesticate the foreign judgment. The order granting the motion to intervene causes Petitioner irreparable harm and is a departure from the essential requirements of law. Thus, we quash it.
CERTIORARI GRANTED; ORDER QUASHED; NONFINAL APPEAL DISMISSED.
WALLIS and EDWARDS, JJ., concur.

Oddly, Petitioner filed a separate action to domesticate the Puerto Rico judgment. This was unnecessary. All that was required was compliance with the FEFJA.

Of course, Bowles had no standing to assert that the notice of recording the foreign judgment was not mailed to Former Wife. See § 55.505(2), Fla. Stat. (2017).